503 So.2d 335 (1987)
David Edward GLENDENING, Appellant,
v.
STATE of Florida, Appellee.
No. 86-88.
District Court of Appeal of Florida, Second District.
January 14, 1987.
As Modified on Denial of Rehearing March 6, 1987.
*336 Ronald K. Cacciatore, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Kim W. Munch, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Judge.
This is an appeal from a conviction of sexual battery on a child eleven years of age or younger.
The major thrust of appellant's argument is that the court erred in admitting out-of-court statements made by Jennifer Glendening, the appellant's 3 1/2 year-old daughter, which implicated appellant. The testimony concerning these statements could only have been admitted under section 90.803(23), Florida Statutes (1985). Appellant not only attacks the constitutionality of the statute and argues its inapplicability to him but also contends that there was no compliance with its requirements.
Section 90.803(23) reads as follows:
(23) HEARSAY EXCEPTION; STATEMENT OF CHILD VICTIM OF SEXUAL ABUSE OR SEXUAL OFFENSE AGAINST A CHILD. 
(a) Unless the source of information or the method or circumstances by which the statement is reported indicates a lack of trustworthiness, an out-of-court statement made by a child victim with a physical, mental, emotional, or developmental age of 11 or less describing any act of child abuse, sexual abuse, or any other offense involving an unlawful sexual act, contact, intrusion, or penetration performed *337 in the presence of, with, by, or on the declarant child, not otherwise admissible, is admissible in evidence in any civil or criminal proceeding if:
1. The court finds in a hearing conducted outside the presence of the jury that the time, content, and circumstances of the statement provide sufficient safeguards of reliability. In making its determination, the court may consider the mental and physical age and maturity of the child, the nature and duration of the abuse or offense, the relationship of the child to the offender, the reliability of the assertion, the reliability of the child victim, and any other factor deemed appropriate; and
2. The child either:
a. Testifies; or
b. Is unavailable as a witness, provided that there is other corroborative evidence of the abuse or offense. Unavailability shall include a finding by the court that the child's participation in the trial or proceeding would result in a substantial likelihood of severe emotional or mental harm, in addition to findings pursuant to s. 90.804(1).
(b) In a criminal action, the defendant shall be notified no later than 10 days before trial that a statement which qualifies as a hearsay exception pursuant to this subsection will be offered as evidence at trial. The notice shall include a written statement of the content of the child's statement, the time at which the statement was made, the circumstances surrounding the statement which indicate its reliability, and such other particulars as necessary to provide full disclosure of the statement.
(c) The court shall make specific findings of fact, on the record, as to the basis for its ruling under this subsection.
In arguing facial unconstitutionality, appellant contends that section 90.803(23) violates the sixth amendment to the United States Constitution and article I, section 16, of the Florida Constitution, both of which guarantee an accused the right to confront adverse witnesses. However, the United States Supreme Court has held that the confrontation clause is satisfied when a declarant whose out-of-court statement is sought to be introduced is available for cross-examination at the trial or if found to be unavailable, the statement bears adequate "indicia of reliability." Ohio v. Roberts, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980). Section 90.803(23) tracks the requirements of Ohio v. Roberts.
Comparable statutes providing for the admissibility of out-of-court statements by child abuse victims have been held constitutional in other jurisdictions. State v. Myatt, 237 Kan. 17, 697 P.2d 836 (1985); State v. Bellotti, 383 N.W.2d 308 (Minn. Ct. App. 1986); State v. Ryan, 103 Wash.2d 165, 691 P.2d 197 (1984).
The statute is intended to allow the courts to be sensitive to the critical need for a child victim's out-of-court statements, while allowing them to address the various reliability problems posed by the statements, thus protecting the defendant's confrontation rights.
697 P.2d at 842. We hold that section 90.803(23) does not violate the confrontation clauses of the United States and Florida Constitutions.
Appellant also argues that since he was charged with a criminal offense occurring between September 1, 1984, and June 24, 1985, the provisions of section 90.803(23) cannot be employed against him because the statute did not become effective until July 1, 1985. He contends that the admission of the out-of-court statements which are covered by that statute constituted an ex post facto application of the law. An ex post facto law is one which either punishes an act which was innocent when committed, makes the punishment for the offense more burdensome, or deprives the accused of a defense which was available when the offense was committed. Dobbert v. Florida, 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344, rehearing denied, 434 U.S. 882, 98 S.Ct. 246, 54 L.Ed.2d 166 (1977). Clearly, section 90.803(23) did not increase the punishment or deprive appellant of a defense. Moreover, the statute had no effect upon whether appellant committed the crime but simply authorized the *338 introduction of additional evidence to demonstrate his guilt. State v. Ryan. Thus, section 90.803(23) as applied to appellant did not violate article I, section 10, of the United States and Florida Constitutions.
Finally, appellant argues that even under the statute, the court erred in permitting several witnesses to testify that Jennifer had made prior statements to them concerning the misconduct with which he was charged. In order to address this point, it is first necessary to discuss certain matters which took place during the progress of the case.
Prior to trial, the state served a motion to video tape Jennifer's testimony for introduction at trial pursuant to section 92.53, Florida Statutes (1985). After hearing evidence on the motion and making the requisite finding that there was substantial likelihood that Jennifer would suffer at least moderate emotional or mental harm if she were required to testify in open court, the court entered an order permitting the video taping and requiring appellant to view the testimony outside Jennifer's presence.
At the video taping session, the court first conducted a voir dire examination of the child to determine her competency to testify. The court concluded that she was competent because she showed an above average intelligence for a 3 1/2 year-old and was aware of her surroundings. The court attributed her inability to explain the difference between the truth and a lie to the inartful questioning by the court and the state attorney. Thereafter, when the child was interrogated concerning the matters involved in the case, she did not implicate her father in any misconduct. As a consequence, appellant did not object to the introduction of the video tape into evidence at the trial and, in fact, caused it to be replayed as part of his defense. Hence, there is no contention on appeal over the admissibility of the video tape. However, the fact that the video tape was authorized and played at the trial is relevant to our subsequent discussion.
About a month before trial, appellant made a motion to exclude all hearsay statements made by the child. The state filed a response in which it enumerated the various hearsay statements it intended to introduce. The court ruled that the state's response did not constitute adequate compliance with the notice requirements of section 90.803(23) and permitted the state to file a more detailed response. Thereafter, but more than ten days before trial, the state filed a detailed recitation of the out-of-court statements to be offered at trial in order to comply with the notice mandated by section 90.803(23)(b). At a subsequent hearing, the court observed that it could not rule upon the admissibility of such statements without actually hearing the witnesses' testimony concerning the circumstances under which the child's statements were made.
Dr. Linda Boczar was the first of the witnesses listed on the notice who testified. However, appellant cannot now complain about her testimony because his counsel stated at the trial that he had no objection to her stating what Jennifer had told her.
The next of the disputed witnesses was Rebecca Winkel, a coordinator for the child protection team. Ms. Winkel testified concerning the circumstances under which the child made incriminating statements about her father and the content of such statements. Except for an initial objection on grounds of corpus delicti, the appellant did not object to this testimony until after it was given. At this point, appellant objected on hearsay grounds, whereupon the court asked the jury to be removed and made the following statement on the record:
THE COURT: At this time Mr. Dirmann had raised an objection concerning the hearsay exception to some of the testimony by Mrs. Winkel. The court would feel that the objection has been waived in view of the timing of the objection but in an abundance of caution and in view of the fact that we're all operating under a brand new legislative enactment, which only came into effect this year, amending section 90.803 and allowing, making an exception of children or child victim statements of sexual abuse, which requires the court to have a hearing *339 conducted outside the presence of the jury as to the time, content and circumstances of the statement providing sufficient safeguards of reliability in making the determination. The court has heard the testimony of Mrs. Winkel concerning the doll interview. Based upon the testimony presented by Mrs. Winkel here under oath the court would find as to the time, I'm not certain of the exact time but there was certainly no coercion of the child, that the interview was conducted with a period of play where the child became familiar with the interviewer and that she was not prompted by the interviewer in the use of the dolls and describing these alleged sexual acts. The court would find that the content and the circumstances surrounding the statement under these circumstances would provide sufficient safeguards of reliability to allow the admission of that testimony as an exception to the hearsay rule under subsection 23.
The third witness to testify concerning what Jennifer had told her was Detective Barber. When the appellant objected on grounds of hearsay and of relevance to section 90.803(23), the court listened to a proffer of her testimony outside the presence of the jury. The court then ruled that because the child's statement to Detective Barber was not a direct reference to child abuse or sexual abuse, Detective Barber could not testify unless the state could demonstrate that the child's statement was relevant to proving that appellant was guilty of such misconduct. Later in the trial the state introduced other evidence which showed how Jennifer's statement to Detective Barber was relevant to prove that Jennifer's father had sexually abused her. Thereupon, the court permitted Detective Barber to state what the child had told her.
The last witness who testified concerning the child's statements was Ruth Shapiro, a social worker at the Suncoast Mental Health Center. At the outset, the court conducted a hearing outside the presence of the jury to determine whether Ms. Shapiro could testify concerning the child's hearsay statements. Ms. Shapiro was interrogated at length concerning the content of the statements and the circumstances under which they were made. The court excluded certain statements and ruled that others could be admitted since they met the standards of section 90.803(23).
In regard to the argument that the requirements of the statute were not followed, appellant first contends that the court failed to make a finding "in a hearing conducted outside the presence of the jury that the time, content and circumstances of the statement provide sufficient safeguards of reliability" as required by section 90.803(23)(a)1. With respect to Ms. Winkel, we concur with the court's conclusion that appellant's hearsay objection was untimely. In any event, at the point the objection was made, the court then removed the jury and made the requisite findings predicated upon the testimony which had already been presented.
When the state recalled Detective Barber to the stand, appellant did not object on grounds of hearsay, as such, but only argued relevancy. By this time, however, the state had demonstrated how the child's statement was directly related to the contention that her father had abused her, and the court properly rejected appellant's argument on this issue. The court was obviously satisfied with the credibility of the child's statements to Detective Barber because the detective had previously testified outside the presence of the jury. The court cannot be faulted for failing to announce the findings specified by section 90.803(23)(a)1. when appellant was then only arguing relevance and was making no objection to the procedure being followed.
Significantly, appellant does not assert that the court did not comply with the procedural aspects of section 90.803(23) with respect to Ms. Shapiro's testimony. By the time Ms. Shapiro testified, everyone had become familiar with the intricacies of the statute. Her testimony was first proffered outside the presence of the jury. There was ample evidence to support the court's finding that Jennifer's out-of-court *340 statements made to Ms. Shapiro were reliable.
Appellant further argues that even if the court substantially complied with the requirements of subparagraph 1. of section 90.803(23)(a), the court made no finding whatsoever with respect to subparagraph 2. which requires that the child either testify or be unavailable as a witness. Appellant notes that in order to be declared unavailable for purposes of this subparagraph, the child would have to meet the definition of unavailability under section 90.804(1) or the court would have to conclude that the child's participation in the trial would result in "a substantial likelihood of severe emotional or mental harm." We cannot sustain the state's response that the hearing previously conducted for the purpose of deciding whether to permit the child's testimony to be video taped would suffice. Aside from the fact that the hearing was held for a different purpose, the standard for permitting video taping is whether the child would suffer at least moderate emotional or mental harm, whereas a finding of unavailability is predicated upon a substantial likelihood of severe emotional or mental harm. Notwithstanding, we believe that it was unnecessary that the court make a finding of unavailability in this case because the child did, in fact, testify. Her testimony was taken before the court with participation by both attorneys just as it would have been had the child been physically present at trial. Appellant was in a position to cross-examine her concerning the out-of-court statements because the state's notice for introduction of these statements had already been filed. Therefore, we hold that for purposes of section 90.803(23)(a)2., the introduction of Jennifer's video tape was equivalent to her having personally testified.
Finally, appellant also contends that the court's findings that Jennifer's statements were reliable cannot be sustained because it was demonstrated in her video taped testimony that she was unable to articulate the difference between the truth and a lie, an essential element of the traditional test for determining the competency of a witness of tender years. Bell v. State, 93 So.2d 575 (Fla. 1957). See § 90.605(2), Fla. Stat. (1985). It is difficult to see how appellant can rely on Jennifer's testimony to demonstrate unreliability when he caused the video tape to be replayed as part of his own case. In any event, we do not need to reach the question of whether the court correctly concluded that Jennifer was competent to testify because this is not the criterion for the introduction of hearsay statements under section 90.803(23). The mere fact that a child has been deemed incompetent to testify will not render his out-of-court statements concerning child abuse or sexual abuse unreliable for admission under section 90.803(23). See State v. Superior Court, 149 Ariz. 397, 719 P.2d 283 (Ct.App. 1986); State v. Myatt; State v. Bellotti; State v. Campbell, 299 Or. 633, 705 P.2d 694 (1985); Contra State v. Ryan. The record adequately supports the court's conclusion that Jennifer's out-of-court statements were sufficiently reliable for introduction into evidence.
Appellant's other points on appeal are without merit.
Affirmed.
DANAHY, C.J., and HALL, J., concur.