526 So.2d 752 (1988)
Donald W. GRIFFIN, Appellant,
v.
STATE of Florida, Appellee.
No. BR-379.
District Court of Appeal of Florida, First District.
June 3, 1988.
*753 Hal Castillo of Lewis, Paul, Isaac & Castillo, P.A., Jacksonville, for appellant.
Robert A. Butterworth, Atty. Gen. and John W. Tiedemann, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Judge.
Appellant seeks review of the trial court's order denying his motion for new trial after a jury found him guilty of one count of lewd, lascivious, or improper assault upon a child. The issues raised in this appeal are (1) whether the trial court erred in determining that the child witness was competent to testify and in admitting her videotaped deposition into evidence, and (2) whether the trial court erred in admitting the child's out-of-court statements pursuant to section 90.803(23), Florida Statutes (1985). We reverse and remand for a new trial.
Under common law, no child under the age of fourteen was considered competent to testify in any controverted matter. Lloyd v. State, 524 So.2d 396 (Fla. 1988); Radiant Oil Co. v. Herring, 146 Fla. 154, 200 So. 376 (1941). However, under current Florida law, the primary test "of testimonial competence of an infant witness is his or her intelligence, rather than his or her age, and, in addition, whether the child possesses a sense of obligation to tell the truth."[1]Lloyd, 524 So.2d at 400; Bell v. State, 93 So.2d 575, 577 (Fla. 1957); McKinnies v. State, 315 So.2d 211 (Fla. 1st DCA 1975); Garrard v. State, 335 So.2d 603 (Fla. 3d DCA 1976), cert. denied, 342 So.2d 1101 (Fla. 1977); Harrold v. Schluep, 264 So.2d 431 (Fla. 4th DCA 1972). Therefore, when a child's competency is at issue, the trial court should consider (1) whether the child is capable of observing and recollecting facts, (2) whether the child is capable of narrating those facts to the court or to a jury, and (3) whether the child has a moral sense of the obligation to tell the truth. Lloyd, 524 So.2d at 400, citing Williams v. State, 400 So.2d 471 (Fla. 5th DCA), affirmed, 406 So.2d 1115 (Fla. 1981). See also Kentucky v. Stincer, ___ U.S. ___, 107 S.Ct. 2658, 2665, 96 L.Ed.2d 631 (1987), cert. denied, ___ U.S. ___, 108 S.Ct. 1234, 99 L.Ed.2d 433 (1988). It is well settled that a trial court is accorded a wide discretion in determining a child's competency as a witness, and that absent an abuse of discretion, the trial court's decision will not be disturbed. Lloyd, 524 So.2d at 400; Rutledge v. State, 374 So.2d 975, 979 (Fla. 1979), cert. denied, 446 U.S. 913, 100 S.Ct. 1844, 64 L.Ed.2d 267 (1980); Bell v. State, 93 So.2d at 577; Begley v. State, 483 So.2d 70, 72 (Fla. 4th DCA 1986); In the Interest of M.A., 477 So.2d 47, 48 (Fla. 4th DCA 1985); Davis v. State, 348 So.2d 1228, 1229-1230 (Fla. 3d DCA 1977), cert. denied, 358 So.2d 134 (Fla. 1978).
In evaluating a child's ability to observe, recollect, and narrate facts, courts are sensitive to the possibility that the child's statements may have been influenced, either by parents or other authority figures. For example, in Davis, after a careful examination of the record, the district court determined that the trial court abused its discretion in allowing the 5-year old child to testify at trial, finding the record permeated with evidence that the parents had "refreshed" the child's memory of the alleged incident a number of times. Citing Bell for the proposition that a competency *754 determination is subject to appellate review, the district court reversed and remanded for a new trial. Davis, 348 So.2d at 1229-1230.
Similarly, the sole issue raised in In the Interest of M.A., was whether the trial court abused its discretion in finding the 3-year old victim competent to testify as a witness against appellant. The district court concluded the trial court erred in its assessment of the victim's competency, because
[a] reading of the transcript of the hearing wherein the state attempted to qualify the victim as a competent witness, together with the testimony finally extracted from the victim after much coaxing and cajoling, demonstrates that the victim's testimony was too unreliable to use as a basis for adjudicating appellant guilty of the charges.
477 So.2d at 48. Accordingly, the cause was reversed and remanded for a new adjudicatory hearing.
Quite often the distinction between a child's competency to be a witness and the child's credibility as a witness becomes blurred. See R. Morey, The Competency Requirement for the Child Victim of Sexual Abuse: Must We Abandon It?, 40 U.Miami L.Rev. 245, 282-283 (1985). The amendment to section 90.605(2), Florida Statutes (1985), contemplates the possibility that a child who is unable to separate fantasy from reality may still understand the obligation not to lie. Ch. 85-53, § 3, Laws of Fla.; Morey, Competency of Child Victim, at 267. Those jurisdictions which, like Florida, admit a child's unsworn testimony, usually employ a series of simple, direct questions to determine the child's competency. For example, "[c]hildren are often asked their names, where they go to school, how old they are, whether they know who the judge is, whether they know what a lie is, and whether they know what happens when one tells a lie." Kentucky v. Stincer, 107 S.Ct. at 2665, citing Morey, Competency of Child Victim, 40 U.Miami L.Rev. 245, 263, and n. 78 (1985).
In Lloyd, one of the issues concerned the competency of a 5-year old witness to testify regarding the shooting of his mother. The trial court personally examined the child, and heard testimony and received reports from experts concerning the child's competence to testify. In reviewing the trial court's determination that the child was competent to testify in the proceeding, the supreme court found the trial judge had been careful and thorough in his evaluation of the child. The record reflected that the trial court examined the child extensively, and found him "sufficiently intelligent to be capable of expressing himself concerning [the] matter and also found that [he] understood the duty to tell the truth." 524 So.2d at 400. The court noted that most of the critical facts supplied by the child's testimony were either unrefuted or corroborated by other evidence. On these facts the court found no abuse of discretion in permitting the child to testify in the case.
In a similar vein, in Kentucky v. Stincer, a competency hearing was conducted in the judge's chambers to determine the competency of two children, ages seven and eight respectively, to testify at trial. In Kentucky, as in Florida, when the competency of a child witness is raised as an issue in the case, it is then the duty of the trial court to examine the witness to determine whether he or she has sufficient intelligence to observe, recollect, and narrate the facts and has a sense of the obligation to tell the truth. Stincer, 107 S.Ct. at 2665; Ehrhardt, Florida Evidence § 603.1, at p. 276.
In Stincer, the two children were examined separately by the judge, the prosecutor, and defense counsel. They were not asked about the substance of the testimony they were to give at trial. Instead, each child was asked her age, her date of birth, the name of her school, the names of her teachers, and the name of her Sunday School. Each child was asked if she knew what it meant to tell the truth and whether she could keep a promise to God to tell the truth. 107 S.Ct. at 2660. The trial court found the children competent to testify at trial. The Supreme Court approved the *755 trial court's determination that the defendant's Sixth Amendment confrontation right had not been abridged because he had been denied the right to be present at the competency hearing, since after the competency hearing the girls appeared and testified in open court, where they were subject to full cross examination, and were so examined.
In this case, unlike the competency determination proceedings in Lloyd or Stincer, the trial judge did not examine the child personally, although he was present for what could fairly be termed the competency proceeding. The competency examination was conducted as a preliminary to the child's videotaped deposition. The questions asked of the 4-year-old child to determine her competency to be a witness against the appellant were consistent with those questions employed in other jurisdictions admitting the unsworn testimony of children. Upon being asked her name and the names of her parents and brother, the child gave her first name and after prompting, she furnished her last name, and then gave the first names of her parents and brother. When asked to count to ten, she correctly did so. Her understanding of the duty to tell the truth during the proceeding was elicited with the following questions:
Q ... Now, ____, do you know the difference between telling the truth and telling a lie?
A Yes.
Q Okay. Look at your shoes there. If I told you your shoes were red, is that true or is that a lie?
A A lie.
Q What color are your shoes?
A Black.
Q Good girl. What happens when you tell a lie to your mommy?
A She will put me in my room.
Q She will put you in your room. Do you get punished?
A No, she will just send me in my room.
Q Just send you in your room?
A Yes.
Q Okay. Now, we're here to tell the truth today, okay?
A Okay.
The remainder of the child's videotaped deposition demonstrates that although relatively articulate and intelligent, she was not unequivocally capable of separating fact from fantasy.
The principle is well settled that a child's competency is fixed when he or she is offered as a witness, and not when the facts testified to occurred. See Stincer, 107 S.Ct. at 2666; State v. McIntosh, 475 So.2d 973 (Fla. 4th DCA 1985), decision quashed on other grounds in 496 So.2d 120 (Fla. 1986); Morey, Competency of Child Victim, 40 U.Miami L.Rev. at 262. In the instant case, apparently on the basis of the de minimis competency examination conducted at the beginning of the child's videotaped deposition, the trial court found the child was competent to testify "within the confines of what is reasonable for a four-year-old." This finding does not satisfy the criteria set forth in section 90.605(2), which require the trial court to determine whether "the child understood the duty to tell the truth or the duty not to lie." In interpreting this statute, Florida courts have held that it is the duty of the trial court to determine whether the child was capable of observing, recollecting, and narrating facts, and whether the child had a moral sense of the duty to tell the truth. In fulfilling that duty, the trial court may examine the child personally, or may determine the child's competency on the basis of the examination conducted by the attorneys. In addition, in applicable circumstances, the trial court may rely on the testimony and reports prepared by experts regarding the child's ability to testify. See, generally, Lloyd v. State, 524 So.2d at 400.
Where, as in the instant case, the critical facts are totally dependent on the child's observations and ability to recall and to recount those observations accurately, the competency determination of the child as a witness is of increased significance. With the exception of the child's challenged out-of-court statements, this record contains no evidence corroborative of the allegations of sexual misconduct. The child's videotaped deposition is not consistent with regard to any wrongdoing by appellant, and a physical *756 examination of the child indicated no abnormality or injury of any kind. While such corroborative evidence is not essential to a determination that the child was competent to testify as a witness, in this case the child's testimony so blends fantasy and reality, that corroborative evidence would serve as a benchmark for assessing the extent of the fantasy in her testimony, and concomitantly, for assessing the child's ability to observe and to narrate accurately.
We find the trial court erred in failing to determine the child's competency as a witness with reference to the statutory criteria, and in admitting the child's videotaped testimony into evidence on the basis of the erroneous competency determination. Therefore, we reverse as to the first issue raised in this appeal.
The second issue in this case concerns the admission of the child's out-of-court statements. There are two schools of thought regarding the admissibility of out-of-court statements by children. Some courts and commentators have focused on the tendency of children to fantasize and tell stories, and concluded that the statements are inherently unreliable. Other courts and commentators consider the statements inherently reliable, reasoning that (1) it is unlikely that children would persist in lying to their parents or other authority figures about sex abuse, and (2) children generally do not have enough knowledge about sexual matters to lie about them. See Note, A Comprehensive Approach To Child Hearsay Statements in Sex Abuse Cases, 83 Colum.L.Rev. 1745, 1751 (1983), and authorities cited therein.
The state of public awareness regarding child sexual abuse has resulted in the enactment, in Florida and other states, of hearsay exceptions for use solely in prosecutions for child sexual abuse. See, e.g., Kan. Stat. Ann. § 60.460(dd) (1983); Wash. Rev. Code § 9A.44.120 (1974). These special state statutory exceptions to the hearsay rule "require a particularized showing that the child's statement describing prohibited sexual contact possesses equivalent circumstantial guarantees of trustworthiness to that possessed by hearsay statements admissible under Rules 803(1)-(23) and 804(b)(1)-(4)." M.H. Graham, Indicia of Reliability and Face to Face Confrontation: Emerging Issues in Child Sexual Abuse Prosecutions, 40 U.Miami L.Rev. 19, 29 (1985).
Florida's special child sexual abuse hearsay exception, section 90.803(23), Florida Statutes (1985), provides:
(23) HEARSAY EXCEPTION; STATEMENT OF CHILD VICTIM OF SEXUAL ABUSE OR SEXUAL OFFENSE AGAINST A CHILD. 
(a) Unless the source of information or the method or circumstances by which the statement is reported indicates a lack of trustworthiness, an out-of-court statement made by a child victim with a physical, mental, emotional, or developmental age of 11 or less describing any act of child abuse, sexual abuse, or any other offense involving an unlawful sexual act, contact, intrusion, or penetration performed in the presence of, with, by, or on the declarant child, not otherwise admissible, is admissible in evidence in any civil or criminal proceeding if:
1. The court finds in a hearing conducted outside the presence of the jury that the time, content, and circumstances of the statement provide sufficient safeguards of reliability. In making its determination, the court may consider the mental and physical age and maturity of the child, the nature and duration of the abuse or offense, the relationship of the child to the offender, the reliability of the assertion, the reliability of the child victim, and any other factor deemed appropriate; and
2. The child either
a. Testifies; or
b. Is unavailable as a witness, provided that there is other corroborative evidence of the abuse or offense. Unavailability shall include a finding by the court that the child's participation in the trial or proceeding would result in a substantial likelihood of severe emotional or mental harm, in addition to findings pursuant to s. 90.804(1).

*757 (b) In a criminal action, the defendant shall be notified no later than 10 days before trial that a statement which qualifies as a hearsay exception pursuant to this subsection will be offered as evidence at trial. The notice shall include a written statement of the content of the child's statement, the time at which the statement was made, the circumstances surrounding the statement which indicate its reliability, and such other particulars as necessary to provide full disclosure of the statement.
(c) The court shall make specific findings of fact, on the record, as to the basis for its ruling under this subsection.
In enacting section 90.803(23), "the Florida Legislature implicitly recognized that hearsay evidence is not inherently trustworthy, and that the admissibility of such statements in child sexual abuse cases, if in fact untrustworthy and ultimately believed by a jury, would deprive a defendant of his right to a fair trial, particularly where the alleged victimized child was unavailable for cross-examination at the trial." Distefano v. State, 526 So.2d 110 (Fla. 1st DCA 1988). In Salter v. State, 500 So.2d 184 (Fla. 1st DCA 1986), this court found that the child sexual abuse hearsay exception 
will apply only if a number of foundation requirements have been shown to exist. Ehrhardt, Florida Evidence, § 803.23(a) (2d Ed. 1984). Specifically, before the trial court may admit the statement of a child who testifies during the trial under this exception, the trial court is required to (1) hold a hearing outside the presence of the jury to determine that the circumstances surrounding the making of the statement demonstrate that the statement is reliable, and (2) make specific findings of fact on the record setting forth the reasons why the trial court determined that the statement was reliable and why the reasons indicating lack of reliability were discounted. (Emphasis in the original opinion.)
See also State v. Allen, 519 So.2d 1076, 1078 (Fla. 1st DCA 1988).
The child's out of court statement in Salter was admitted through the testimony of a Child Protection Team counselor who interviewed the 5-year-old victim. The counselor was permitted to testify, over objection, that the child told her a man had touched her on her private parts. The court found that since neither the trial court nor the prosecutor complied with the procedural safeguards set forth in section 90.803(23), the testimony of the counselor was not admissible under the hearsay exception. However, the facts in Salter established that the child reported the touching incident to her mother immediately after its occurrence, in the presence of a third person. In addition, the child's clothing was in disarray, and she was visibly upset. The court found admission of the hearsay was harmless error, since substantially the same testimony was presented by other witnesses.
The issue in Distefano is somewhat analogous to the second issue in this case. Distefano argued the trial court erred in admitting the child's out of court statements concerning the sexual encounter because the state failed to comply with the notice requirement of section 90.803(23). In Distefano, as in Salter, the record demonstrated that the child reported the touching incident to her mother at the first available opportunity, while the child was still emotionally affected by the occurrence. The record also reflected that the trial court examined the circumstances surrounding the child's videotaped interview by the Child Protection Team counselor, and found no indication that the child had been coached. On the state of the record presented, this court agreed with the trial court that the child's out of court statements contained sufficient indicia of reliability to permit their admission into evidence.
In this case, unlike the Distefano scenario, the trial court failed to make specific findings of fact on the record indicating the basis for determining the admissibility of the child's out-of-court statements. Moreover, in this case, unlike Distefano and Salter, there is an absence of independent record evidence attesting to the reliability of the hearsay. The record reflects *758 that the statements attributed to the child were not made spontaneously, and were not made at the first available opportunity after the occurrence of the alleged incident. Rather, the statements were elicited by questions from adults who asked the child why she was masturbating, and asked who told her to do so. A physical examination of the child revealed no evidence of any injury, trauma, or abnormality of any kind. Thus, the child's out of court statements were unsubstantiated hearsay, and were admitted into evidence without an express finding as to their reliability.
We are cognizant that a defendant's confrontation rights are violated when hearsay evidence is admitted as substantive evidence "with no opportunity to cross-examine the declarant at trial, or when the out-of-court statement of an unavailable witness does not bear adequate indications of trustworthiness." Kentucky v. Stincer, 107 S.Ct. at 2663; and Ohio v. Roberts, 448 U.S. 56, 65-66, 100 S.Ct. 2531, 2538-39, 65 L.Ed.2d 597 (1980). Therefore, we are particularly troubled by the quality of the evidence offered in support of the conviction in this case.
In Glendening v. State, 503 So.2d 335, 340 (Fla. 2d DCA 1987), the Second District held that "for purposes of section 90.803(23)(a)2.a. the introduction of [the child's] video tape was equivalent to her having personally testified." Thus, in Glendening the unavailability criterion for admissibility of the child's hearsay statements was considered inapplicable. See § 90.803(23)(a)2.b., Fla. Stat. (1985). The court then rejected a challenge to admission of the hearsay predicated on the child's demonstrated inability to articulate the difference between the truth and a lie, one element of the traditional test to determine competency. Glendening, 503 So.2d at 340, citing Bell v. State, 93 So.2d 575 (Fla. 1957); § 90.605(2), Fla. Stat. (1985). The Second District ruled that it did not need to reach the question whether the trial court erred in finding the child competent to testify, observing, however, that some jurisdictions have held that the child's competency as a witness "is not the criterion for the introduction of hearsay statements under section 90.803(23)." Glendening, 503 So.2d at 340. See e.g., State v. Superior Court, 149 Ariz. 397, 719 P.2d 283 (Ct.App. 1986); State v. Myatt, 237 Kan. 17, 697 P.2d 836 (1985); State v. Bellotti, 383 N.W.2d 308 (Minn. Ct. App. 1986); State v. Campbell, 299 Or. 633, 705 P.2d 694 (1985).
The Washington Supreme Court takes a different position on the relationship between a child's competency and the reliability, hence admissibility, of the child's hearsay statements. In State v. Ryan, 103 Wash.2d 165, 691 P.2d 197, 203 (1984), the court articulated the rule thusly:
The declarant's competency is a precondition to admission of his hearsay statements as are other testimonial qualifications.
.....
If the declarant was not competent at the time of making the statements, the statements may not be introduced through hearsay repetition.
The cases and commentators recognize that necessity is the primary factor in admission of hearsay statements of a child victim, since, in most cases, the child is the only witness and often there is no objective evidence of the offense. Nevertheless, the commentators also recognize the tension between the need to protect the child and the right of the accused to a fair trial. See Graham, Indicia of Reliability, 40 U.Miami L.Rev. 19-95.
In summary, in determining the competency of a child of tender years to testify as a witness, the trial court must focus on two elements: (1) the child's intelligence, and (2) the child's understanding of the obligation to tell the truth. Before finding the child competent to testify as a witness, the trial court should determine that the child is capable of observing and recollecting facts, is capable of narrating those facts, and appreciates the need to tell the truth. § 90.605(2), Fla. Stat. (1985); Lloyd v. State, 524 So.2d at 400. See also Kentucky v. Stincer, 107 S.Ct. at 2665; Begley v. State, 483 So.2d at 72; Ehrhardt, Florida Evidence § 603.1, at p. 276. In this *759 case, the trial court's determination concerning the child's competence as a witness does not comport with the applicable statute or relevant case law.
With respect to the admission of the child's hearsay statements, we do not reject the possibility that, in appropriate circumstances, hearsay would be admissible though the declarant was found incompetent. In the instant case, however, the hearsay was clearly inadmissible due to the trial court's failure to comply with the section 90.803(23) procedural safeguards. Unlike the facts presented in Salter and Distefano, this record lacks independent evidence to corroborate the inadmissible hearsay. Thus, by virtue of the erroneous admission of the out-of-court statements, the state was able to present these purported statements four times  through the testimony of the child's parents, a baby-sitter, and a detective. In the circumstances of this case, there is a reasonable possibility that the erroneous rulings with respect to admissibility of evidence affected the verdict, therefore we must find the errors harmful. State v. DiGuilio, 491 So.2d 1129, 1139 (Fla. 1986).
Accordingly, we reverse the judgment of conviction and sentence, and remand the case for a new trial. On remand, the trial court is directed to determine the child's competency as a witness in accordance with the statutory criteria, as a predicate to admission of the child's testimony. In addition, prior to admission of the child's out-of-court statements, the trial court is directed to comply with the section 90.803(23) procedural safeguards.
Reversed and remanded for proceedings consistent with this opinion.
ERVIN and BARFIELD, JJ., concur.
NOTES
[1] The statutory provisions applicable to the competency issue raised in this appeal are sections 90.603(2) and 90.605(2), Florida Statutes (1985). Section 90.603(2) provides:

A person is disqualified to testify as a witness when the court determines that he is:
.....
(2) Incapable of understanding the duty of a witness to tell the truth.
Section 90.605(2) provides:
(2) In the court's discretion, a child may testify without taking the oath if the court determines the child understands the duty to tell the truth or the duty not to lie.