649 So.2d 892 (1995)
Charles Kevin KERTELL, Appellant,
v.
STATE of Florida, Appellee.
No. 93-01304.
District Court of Appeal of Florida, Second District.
January 27, 1995.
*893 James Marion Moorman, Public Defender, and Megan Olson, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Helene S. Parnes, Asst. Atty. Gen., Tampa, for appellee.
RYDER, Acting Chief Judge.
Charles Kevin Kertell challenges his conviction of capital sexual battery on the grounds that the trial court erred in its rulings that the child victim was competent to testify and that her hearsay statements were admissible. We agree with his arguments and, therefore, reverse.
Kertell was charged by information with capital sexual battery in violation of section 794.011(2), Florida Statutes (1991), by placing his penis in or in union with his daughter's mouth.
At the jury trial, the judge conducted a voir dire examination of the four-year-old victim in order to determine her competency to testify. A review of the entire voir dire and her testimony shows that she is not a child of remarkable intelligence. She was nonverbal until age three. The appellant validly argues that her responses to voir dire did not demonstrate that she understands the obligation to tell the truth and the duty not to lie. The trial judge found, however, that "[t]hey've [the jury] all been around children. They're competent to interpret it, and she's demonstrated that she has the ability to recognize things and to relate them... . I think she demonstrated she understands what the truth is, sufficiently for the jury to make a determination. I find that she's competent." The child then testified to penile-vaginal penetration or union, an act not charged in the information.
Wide discretion is vested in the trial court to determine a child's competency as a witness. Lloyd v. State, 524 So.2d 396, 400 (Fla. 1988); Griffin v. State, 526 So.2d 752 (Fla. 1st DCA 1988). The trial court should consider (1) whether the child is capable of observing and recollecting facts, (2) whether the child is capable of narrating those facts to the court or to a jury, and (3) whether the child has a moral sense of the obligation to tell the truth. 526 So.2d at 753, citing LLoyd. The trial judge here also declared that he thought "all three [factors] have been demonstrated."
After thoroughly reviewing the entire voir dire, we conclude that the court failed to make sufficient findings of fact to support its finding that the child was competent to testify. See Griffin; Wade v. State, 586 So.2d 1200 (Fla. 1st DCA 1991). The child frequently failed to respond to questions posed during the voir dire. Her knowledge of numbers, dates and time periods was poor. When asked if she knew what it means to tell a lie, she shook her head from side to side. She answered that her mother told her the difference between telling the truth and a lie, and that her mother told her what to say in court.
The appellant also disputes the trial court's admission of the child's out-of-court hearsay statements to a child protection team investigator, a detective and a child psychologist. Such a statement is admissible under section 90.803(23), Florida Statutes (1993), if a court finds in a hearing outside the jury's presence that the time, content and circumstances of the statement provides sufficient safeguards of reliability and the child either testifies, or is otherwise unavailable. The state observed the proper notice requirements. Section 90.803(23)(c) requires that the court make specific findings of fact, on the record, as to the basis for its ruling.
The trial judge conducted the hearing outside the jury's presence but his findings were again very limited. The court referred to the remoteness of the time of the incident (which occurred about two and one-half years prior to the trial) and the later reporting time, but indicated without further explanation that that factor was overcome by the apparent candor of the child's statements, the graphic nature of her description of the sex acts and the neutral exam conducted by the child protection team investigator and the detective.
In examining the time, content, and circumstances of the hearsay statement, the court may consider the mental and physical *894 age and maturity of the child, the nature and duration of the abuse or offense, the relationship of the child to the offender, the reliability of the assertion, the reliability of the child victim, and any other factor deemed appropriate. § 90.803(23)(a)1., Fla. Stat. (1993).
Other factors may include, but are not limited to, a consideration of the statement's spontaneity; whether the statement was made at the first available opportunity following the alleged incident; whether the statement was elicited in response to questions from adults; the mental state of the child when the abuse was reported; whether the statement consisted of a childlike description of the act; whether the child used terminology unexpected of a child of similar age; the motive or lack thereof to fabricate the statement; the ability of the child to distinguish between reality and fantasy; the vagueness of the accusations; the possibility of any improper influence on the child by participants involved in a domestic dispute; and contradictions in the accusation.
State v. Townsend, 635 So.2d 949, 957-58 (Fla. 1994).
We hold that the trial court's summary findings were inadequate to permit the admission of the hearsay statements and that the trial court failed to make sufficient findings of fact to support its determination that the child was competent to testify.
The state attempts to utilize the father's admission to corroborate the trustworthiness and reliability of the witness's testimony, but the appellant correctly argues that his confession was improperly admitted prior to the state's proof of the corpus delicti. A sheriff's department detective testified that the appellant told him that he had placed the head of his penis in his daughter's mouth. The state correctly notes that the corpus delicti may be proven by circumstantial evidence. Burks v. State, 613 So.2d 441 (Fla. 1993). But its reliance on the victim's out-of-court hearsay statements to prove the corpus delicti presupposes the statements' admissibility. Clearly, the erroneous admission of the father's statements cannot be said to be harmless. State v. DiGuilio, 491 So.2d 1129 (Fla. 1986).
"Although section 90.803(23)(1)2.(b) requires that other corroborating evidence must exist before hearsay evidence can be admitted, this requirement is in addition to the requirement that the hearsay evidence, in and of itself, must be reliable." Townsend, 635 So.2d at 956-57.
Reversed and remanded.
PARKER and LAZZARA, JJ., concur.