651 So.2d 208 (1995)
S.M., Appellant,
v.
STATE of Florida, DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
No. 94-00530.
District Court of Appeal of Florida, Second District.
March 1, 1995.
James R. Franklin and John L. Liguori, Bartow, for appellant.
Jack Emory Farley, Bartow, for appellee.
BLUE, Judge.
S.M., an elementary school teacher, appeals the denial of his request to expunge a confirmed finding on the child abuse registry maintained by the State of Florida, Department of Health and Rehabilitative Services (HRS). Because the hearing officer erred by admitting the child victim's deposition without first determining his competency as a witness, we reverse and remand.
S.M. taught educable mentally handicapped children. Three of S.M.'s students made allegations that their teacher touched them inappropriately. This appeal addresses the charges involving only one student, Gregory B. Based on its investigation of Gregory's charges, HRS proposed classifying S.M. as confirmed on the abuse registry. S.M. requested an administrative hearing to challenge the abuse listing.
At the initial hearing in November 1992, HRS offered the testimony of the HRS child protective investigator, the school's principal and guidance counselor, and Gregory's former foster parents. Although he was living with a foster family when the alleged incident occurred, Gregory had been placed out-of-state with his grandmother by the time of the hearing. These witnesses provided hearsay testimony repeating what Gregory told them when he reported the incident. HRS offered this hearsay evidence pursuant to section 90.803(23), Florida Statutes (1992).
In October 1993, the hearing was resumed. Over S.M.'s multiple objections, HRS was allowed to submit Gregory's telephone deposition. *209 HRS then rested and S.M. testified, essentially denying the allegations. S.M. also offered into evidence a telephone deposition of Gregory's grandmother taken by HRS at the same time it deposed Gregory.
Gregory was approximately ten years old when the incident occurred and eleven years old when he was deposed. As an educable mentally handicapped child, he had an I.Q. of 70 or lower. The deposition did not contain any questions asking Gregory if he understood the difference between telling the truth and telling a lie. HRS asked Gregory only about the incident; it did not ask any questions to establish Gregory's competency as a witness. This deposition, when admitted in evidence, provided the hearing officer's only contact with Gregory. The hearing officer never personally observed Gregory or questioned him to determine his competency.
The hearing officer had a duty to determine whether Gregory "was capable of observing, recollecting, and narrating facts, and whether the child had a moral sense of the duty to tell the truth." Griffin v. State, 526 So.2d 752, 755 (Fla. 1st DCA 1988). The hearing officer did not have to personally question Gregory and could "determine the child's competency on the basis of the examination conducted by the attorneys." 526 So.2d at 755. The only examination of Gregory, however, failed to offer any insight into his competency. HRS did not ask any questions to establish whether Gregory was capable of observing, recollecting and reporting facts, whether he knew the difference between the truth and a lie, or whether he felt a moral obligation to tell the truth. See Griffin, 526 So.2d at 753, citing Lloyd v. State, 524 So.2d 396 (Fla. 1988). Thus, the record provided insufficient evidence for the hearing officer to make a determination of competency. In the absence of sufficient evidence of competency, the hearing officer erred in admitting Gregory's deposition.
Without either (1) Gregory's testimony or (2) corroborative evidence and a determination that Gregory was "unavailable" under section 90.804(1), the hearsay testimony of HRS' other witnesses would be inadmissible under section 90.803(23). See State v. Townsend, 635 So.2d 949 (Fla. 1994). Although these witnesses testified that they impressed upon Gregory the obligation to tell the truth when he reported the incident to them, "a child's competency is fixed when he or she is offered as a witness, and not when the facts testified to occurred." Griffin, 526 So.2d at 754. Thus, their testimony regarding Gregory's competency when he reported the incident does not provide a basis for determining his competency at the time of his deposition.
Because we are remanding to allow HRS another opportunity to produce Gregory's testimony, if he is found competent to testify, S.M.'s other issues on appeal are rendered moot. We note, however, that telephone depositions may be taken only by stipulation or by order. Fla.R.Civ.P. 1.300(c) and 1.310(b)(7).
Reversed and remanded for further proceedings.
ALTENBERND, A.C.J., and QUINCE, J., concur.