651 So.2d 213 (1995)
Z.P., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 93-04033.
District Court of Appeal of Florida, Second District.
March 1, 1995.
James Marion Moorman, Public Defender, and John C. Fisher, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Scott A. Brown, Asst. Atty. Gen., Tampa, for appellee.
PARKER, Acting Chief Judge.
Z.P. appeals the trial court's finding that he was delinquent in committing the offense of grand theft. We reverse for the failure of the trial court to determine the competency of a nine-year-old witness when the witness's competency was at issue before the trial court.[1]
The state's eyewitness to the crime was a nine-year-old child. At the beginning of his testimony, the prosecutor elicited his age and that he attended third grade at a certain school. When the prosecutor began to inquire about the facts of this case, defense counsel objected, arguing that it had not been established that the child knew the difference between the truth and a lie. The trial court stated that it is presumed that a nine-year-old child knows the difference between right and wrong. The trial court, therefore, made no inquiry or findings relating to the child's competency. During redirect examination the prosecutor asked the child if he knew what it meant to tell the truth and whether he had said anything that day which had not been the truth.
It is the trial court's duty to determine whether a child witness "has sufficient mental capacity and sense of moral obligation to be competent as a witness." Lloyd v. State, 524 So.2d 396, 400 (Fla. 1988). When a child's competency is at issue, the court must determine whether the child is capable of observing, recollecting, and narrating facts in addition to whether the child has a moral *214 sense of the duty to tell the truth. Griffin v. State, 526 So.2d 752 (Fla. 1st DCA 1988).
Defense counsel placed the child's competency at issue, at least to the extent of whether the child had a moral sense of the duty to tell the truth. The prosecutor's questions of whether the child knew what it was to tell the truth and whether the child had testified truthfully were clearly inadequate. In Wade v. State, 586 So.2d 1200 (Fla. 1st DCA 1991), the First District held that questioning which showed that the child knew the difference between the truth and a lie did not necessarily demonstrate that the child had a moral obligation to tell the truth. See also Griffin, 526 So.2d at 755.
Even if the competency inquiry were adequate, we still would reverse the court's finding of delinquency because the court never ruled on the child's competency, believing that it was unnecessary. This court recently held that a trial court is required to make findings relating to a child's competency. See Kertell v. State, 649 So.2d 892 (Fla. 2d DCA 1995) (citing Griffin and Wade). The party, however, must preserve this issue for appeal. Cf. Hopkins v. State, 632 So.2d 1372 (Fla. 1994) (defendant must object at trial to preserve for appeal the issue of defect in the court's findings on whether the child in sex offense case can testify by closed-circuit television). We conclude that the appellant preserved this issue. Defense counsel challenged the child's competency,[2] and the trial court mistakenly believed that it was unnecessary to inquire into and to rule on the competency of the nine-year-old witness. When the court refused to inquire into the child's competency, it would have been fruitless for defense counsel to object to the lack of findings.
The court's inadequate inquiry and failure to make competency findings cannot be considered harmless in this case. This child was the prosecution's only eyewitness. We, therefore, are compelled to reverse the delinquency finding and remand this case to the trial court for a new adjudicatory hearing.
Reversed and remanded.
ALTENBERND and WHATLEY, JJ., concur.
NOTES
[1] The appellant challenged the sufficiency of the evidence. We affirm on that issue. The appellant also raised an error contained in the Order to Participate in the JASP Program. Our decision in this appeal makes that issue moot.
[2] The defense presented three child witnesses. The state, however, never raised the competency issue as it related to the defense witnesses.