989 So.2d 1282 (2008)
In the Interest of G.S., a child.
L.S., Appellant,
v.
Department of Children and Family Services and Guardian Ad Litem Program, Appellees.
In the Interest of G.S., a child.
O.S., Appellant,
v.
Department of Children and Family Services and Guardian Ad Litem Program, Appellees.
Nos. 2D07-3938, 2D07-4269.
District Court of Appeal of Florida, Second District.
September 12, 2008.
Lorena L. Kiely, Plant City, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Christopher Perone, Assistant Attorney General, Tampa, for Appellee Department of Children and Family Services.
Tracy L. Ellis, Orlando, for Appellee Guardian ad Litem Program.
SILBERMAN, Judge.
In these consolidated cases, L.S., the mother, appeals an order adjudicating her *1283 daughter, G.S., dependent as to the mother and placing the child in State custody based on the mother's failure to protect G.S. from the alleged sexual abuse of the father. O.S., the father, appeals the same order that also adjudicates G.S. dependent as to him based on his alleged sexual abuse of G.S. Because the competency inquiry for G.S. as a child witness was inadequate and the trial court's findings regarding competency are not supported by competent, substantial evidence, we reverse and remand for further proceedings. In light of our disposition, we do not address the other issues raised on appeal except, for purposes of remand, we address the issue the mother raises regarding the limitations the trial court placed on the manner of the child's testimony.
Following nonevidentiary hearings, over the parents' objections, the trial court ruled that seven-year-old G.S. would be examined at the adjudicatory hearing in camera by a trained forensic examiner. The trial court conducted the adjudicatory hearing on June 27, June 28, and July 27, 2007. The father objected before the child's interview with the forensic examiner that the child's competency had never been determined. The mother's counsel joined in the objection. The trial court stated that questions regarding the child's competency would be asked during the forensic interview, that after viewing the interview the court would then make a competency determination, and that if the interview did not establish the child's competency, then the court would strike her testimony. After the interview, the court found the seven-year-old child competent to testify and stated that the questioning demonstrated that the child "could perceive facts and relate them correctly, and understand the nature and obligation of an oath, and the obligation to be truthful." The court stated that "when a child has knowledge of what is a lie and agrees not to do so, the competency obligation is met." The court stated that whether the child testified with veracity went to the weight of the testimony and not its admissibility. In its written order, the trial court recognized that the child was extremely bright and precocious; however, the court also recognized that she was emotionally needy and that she had made many incredible statements.
Section 90.605(2), Florida Statutes (2006), provides that, as a matter of trial court discretion, "a child may testify without taking the oath if the court determines the child understands the duty to tell the truth or the duty not to lie." In determining whether a child is competent to testify, "the trial court should consider (1) whether the child is capable of observing and recollecting facts, (2) whether the child is capable of narrating those facts to the court or to a jury, and (3) whether the child has a moral sense of the obligation to tell the truth." Griffin v. State, 526 So.2d 752, 753 (Fla. 1st DCA 1988) (citing Lloyd v. State, 524 So.2d 396, 400 (Fla.1988)); see also Z.P. v. State, 651 So.2d 213, 213-14 (Fla. 2d DCA 1995) ("When a child's competency is at issue, the court must determine whether the child is capable of observing, recollecting, and narrating facts in addition to whether the child has a moral sense of the duty to tell the truth."). A trial court's determination of whether a child "has sufficient mental capacity and sense of moral obligation to be competent as a witness" is subject to an abuse of discretion standard of review. Lloyd, 524 So.2d at 400.
Here, it was apparent during the interview that the child was very bright and talkative, and she described the members of her extended family in great detail. However, many portions of her testimony were incredible. In fact, the Department *1284 recognizes in its briefing that the child "made some fanciful statements." The mother's counsel accurately describes the interview as "rife with the obviously rich imaginative world in which the child lived."
During the interview, the forensic interviewer conducted a "de minimis competency examination" of the child. Griffin, 526 So.2d at 755. The questioning made clear that the child knew the difference between a truth and a lie. The interviewer then stated that it was very important that they "both agree to talk about what's true and stuff that really happened." The child responded, "Okay." The interviewer then asked, "Do you agree to talk about what's true?" The child answered, "Yes." However, the interviewer did not question the child regarding her understanding of the duty to tell the truth, and they had no discussion regarding the consequences of lying.
Questioning that demonstrates a child knows the difference between the truth and a lie does not necessarily establish that a child has "a moral obligation to tell the truth." Z.P., 651 So.2d at 214 (citing Wade v. State, 586 So.2d 1200 (Fla. 1st DCA 1991)). In Z.P., this court reversed and remanded for a new adjudicatory hearing when there was an inadequate inquiry and the trial court failed to make competency findings. Id. This court determined that the error could not be deemed harmless because the nine-year-old boy was the only eyewitness to the grand theft. Id.
Factors for an appellate court to consider in reviewing a competency determination include the entire context of the child's testimony and whether other evidence corroborates the child's testimony. Bennett v. State, 971 So.2d 196, 201 (Fla. 1st DCA 2007). In affirming the trial court's finding that the child victim, N.D.D., was competent to testify, the Bennett court distinguished Griffin, noting that significant testimony corroborated N.D.D.'s testimony of sexual abuse, including the defendant's admission that he touched N.D.D.'s vagina. Id. In addition, the court pointed out that, unlike the child in Griffin, N.D.D. could separate fact from fantasy and knew it was bad to lie. Id.
In Griffin, the court noted that although the four-year-old witness was "relatively articulate and intelligent, she was not unequivocally capable of separating fact from fantasy." 526 So.2d at 755. The court also noted the lack of corroborative evidence and stated as follows:
While such corroborative evidence is not essential to a determination that the child was competent to testify as a witness, in this case the child's testimony so blends fantasy and reality, that corroborative evidence would serve as a benchmark for assessing the extent of the fantasy in her testimony, and concomitantly, for assessing the child's ability to observe and to narrate accurately.
Id. at 756. The Griffin court reversed the trial court's competency determination that was based on a "de minimis" inquiry regarding the child's competency. Id. at 755-56. The court noted that a trial court may base its competency determination on its own examination of the child or on the attorneys' examination of the child; the court may also consider expert testimony and reports in fulfilling its duty to determine competency. Id. at 755.
Here, the child was not questioned regarding her understanding of the moral sense of duty to tell the truth. Coupled with the fantastic nature of her later testimony and the lack of corroborating evidence of the actual abuse, this is particularly troubling. Thus, we reverse the dependency order and remand for the trial court to conduct an adequate competency *1285 exam before allowing G.S. to testify.
For purposes of remand, we address the mother's argument on appeal that the trial court erred in limiting the child's testimony to an in camera examination without taking any evidence in support of that limitation. The Department's motion for an in camera examination of the child or an examination under other conditions was considered at two nonevidentiary hearings. On June 7, 2007, the Department's attorney offered to provide testimony from a therapist at an additional hearing to address whether the child would be emotionally damaged by being required to testify in court. At a hearing on June 22, 2007, the parents agreed to have the child testify outside their presence but requested that the attorneys be allowed to question the child. The Department's counsel responded and referred to a letter from Donya Brown, a mental health counselor, which stated Ms. Brown's fear that the child would suffer psychological harm if the child had to testify in the parents' presence. The letter also indicated that there were issues of whether the child would be as forthcoming in that situation.
The trial court ruled without taking any evidence but referred to the opinion expressed in Ms. Brown's letter. The court made findings on the record and in its June 22, 2007, order. Over the parents' objections, the court ordered that the child "be examined in camera via closed circuit equipment and interviewed by a trained forensic examiner." The court cited to Florida Rule of Juvenile Procedure 8.255(d)(2) which provides for the in camera examination of a child. Rule 8.255(d)(2) requires the court, after motion and hearing, to make specific written findings of fact as to the basis for its ruling.
The parents noted their objection to the court's considering Ms. Brown's letter based on her limited access to the child. However, it is clear that Ms. Brown's letter dealt only with the issue of harm to the child if she testified in the presence of her parents, and all parties seemed to be in agreement that the child would not testify in her parents' presence. No evidence was presented that supports the trial court's ruling that the attorneys would be prohibited from questioning the child and that the examination would be solely by a forensic examiner. Because rule 8.255(d)(2)(C) requires the court to make "specific written findings of fact, on the record, as to the basis for its ruling[,]" the trial court would need an evidentiary basis for these rulings. Thus, we direct that on remand the trial court hold a hearing and allow the parties to present evidence regarding any limitations that the trial court may impose as to the manner of G.S.'s testimony. The trial court must make factual findings supported by the evidence in ruling on this issue.
Reversed and remanded for further proceedings.
WALLACE, J., and CANADY, CHARLES T., Associate Judge, Concur.