TORPY, J.
 

 We review the lower court’s order precluding the thirteen-year-old victim in this molestation case from testifying at trial. The lower court found that the victim was not competent to testify because she had been the subject of improper and suggestive questioning by law enforcement officers. We grant the petition and quash the order.
 

 At the time of the alleged molestation, the victim, the daughter of Respondent’s girlfriend, was eleven years old. Respondent had invited his girlfriend, the victim and several others to be his weekend guests at a lake house in Marion County. The State alleges that Respondent molested the victim in a lewd or lascivious manner at the lake house. The molestation was apparently witnessed in part by one of Respondent’s guests, who happened to be an off-duty Alachua County sheriffs officer. The officer claimed to have observed Respondent “humping” the victim. He reported the incident to Marion County law enforcement, who responded to the lake house later that evening and conducted an investigation. The investigators and the victim’s mother questioned the victim for several hours. The propriety of this questioning is at the center of this dispute. TThe trial court found that the questioning was “improper” and “unnecessarily suggestive,” a finding not challenged by the State. Based on this finding, and based on the opinion testimony of a forensic psychologist, who concluded that the victim’s recollection had been “irreparably polluted” to the point that she could not competently testify, the trial court concluded that the victim was not competent to testify. The State challenges this conclusion, contending that the issue involves credibility, not competence, and is properly reserved for determination by the trier of fact. We agree with the State.
 

 Testimonial competency relates to the capacity of a witness to recollect and communicate facts and appreciate the obligation to tell the truth. It is a test of intellectual capacity, not veracity.
 
 Harrold v. Schluep,
 
 264 So.2d 431, 435 (Fla. 4th DCA 1972). Competency should be deter
 
 *915
 
 mined at the time a witness testifies based on the witness’s capacity at the time the testimony is offered.
 
 Griffin v. State,
 
 526 So.2d 752, 754 (Fla. 1st DCA 1988).
 

 Here, the trial court never considered the intellectual capacity of the victim. In fact, the trial judge did not hear from the proposed witness. His sole basis for disqualification of the witness was the opinion of an expert who, likewise, never met or interviewed the witness, and offered no opinion about issues of intellectual capacity. The sum and substance of the trial court’s finding was that the witness’s reliability was suspect because of the tainted interview. This was not a finding of lack of testimonial competency, but instead, a preemptive determination of the credibility of the testimony, a determination that should have been left for the jury as the trier of fact.
 

 In holding as we have, we have carefully considered
 
 State v. Michaels,
 
 136 N.J. 299, 642 A.2d 1372 (1994), upon which the trial court placed significant reliance. There, the court established a procedure for excluding a child witness’s testimony unless the state can establish that the suggestive interview did not affect the witness’s ability to testify truthfully. Like the majority of jurisdictions that have considered
 
 Mi-chaels,
 
 we reject its conclusion.
 
 See, e.g., People v. Montoya,
 
 149 Cal.App.4th 1139, 57 Cal.Rptr.3d 770, 778 (2007) (rejecting Michaels);
 
 State v. Michael H.,
 
 291 Conn. 754, 970 A.2d 113 (2009) (noting that a majority of jurisdictions have rejected
 
 Michaels); State v. Ruiz,
 
 141 N.M. 53, 150 P.3d 1003, 1008 (2006) (rejecting
 
 Michaels’
 
 “novel approach”);
 
 State v. Olah,
 
 146 Ohio App.3d 586, 767 N.E.2d 755, 760 (2001) (rejecting
 
 Michaels
 
 and requirement for pretrial “taint hearing”);
 
 State v. Bumgarner,
 
 219 Or.App. 617, 184 P.3d 1143 (2008) (rejecting
 
 Michaels
 
 “approach”). The fact that suggestive questions might have been posited is only one factor that bears on the reliability of the testimony. We conclude that the reliability of the victim’s testimony can only be properly assessed after a trial on the merits during which the trier of fact may consider all of the facts and circumstances.
 

 PETITION GRANTED; ORDER QUASHED.
 

 LAWSON and JACOBUS, JJ., concur.