PER CURIAM.
Defendant, Robert Lee Davis, seeks reversal of his conviction of manslaughter and sentence of fifteen years. The principal point on appeal is the competency of defendant’s seven year old daughter, Esther, to testify for the state at trial.
Esther, the daughter of both the defendant and the victim, was six years old on the date of the fatal shooting. At trial,[1] following an examination by the judge as to her competency and over defense counsel’s objection, she was allowed to testify. *32 On direct examination Esther was too timid to fully respond to the state attorney’s questions. Following the court’s refusal to grant defense counsel’s motion to exclude the witness and her testimony, the judge called Esther to the bench where she sat on his lap and was able to finish testifying. Esther stated that an argument began between her parents and she heard her father, the defendant, say to her mother, the victim, “I will blow your brains out.” The mother then responded, "Get that gun out of my face”. Whereupon, defendant shot both the victim and himself. Defendant voluntarily testified in his behalf and said the shooting was an accident.
A review of the record on appeal reveals that there was a conscientious examination by the court of the three prospective infant witnesses as to their competency to testify. The first two witnesses offered by the state, Esther’s younger brothers, were found not to be competent to testify by the trial judge. Esther was carefully examined and the judge in his discretion found her competent. Although she was timid and shy at first, the judge was able to put the child at ease which allowed her to testify.
 A decision upon the competency of a child to testify is one peculiarly within the discretion of the trial judge because the evidence of intelligence, ability to recall, relate and to appreciate the nature and obligations of an oath are not fully portrayed by a bare record. Clinton v. State, 53 Fla. 98, 43 So. 312 (1907); Swain v. State, Fla.App.1965, 172 So.2d 3. Furthermore, the intelligence, not the age of a child is the test of its competency to be a witness. Bell v. State, Fla.1957, 93 So.2d 575; Swain v. State, supra.
Defendant’s other point on appeal is found to be without substantial merit. Accordingly, the judgment appealed is affirmed.
Affirmed.

. This was a non jury trial.