328 So.2d 508 (1976)
George Hernando FERNANDEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 75-796.
District Court of Appeal of Florida, Third District.
February 17, 1976.
Rehearing Denied April 1, 1976.
Gerald Kogan and Robert H. Newman, Miami, for appellant.
Robert L. Shevin, Atty. Gen., and Margarita Esquiroz, Asst. Atty. Gen., for appellee.
Before PEARSON, HENDRY and NATHAN, JJ.
PER CURIAM.
George Hernando Fernandez, defendant in the trial court, was charged by a two-count indictment with involuntary sexual battery in the first count, and with lewd, lascivious or indecent assault upon a female minor under the age of fourteen years without intent to commit rape in the second count. He was tried by the court without a jury and found guilty of lewd, lascivious or indecent assault upon a female minor under the age of fourteen *509 years without intent to commit rape, as a lesser degree of Count I of the indictment, and guilty of Count II as charged. From an adjudication of guilt and sentence of 5 years in the state penitentiary, Fernandez appeals.
Fernandez contends (1) that the alleged victim, a 6-year-old child, the state's sole witness to the acts charged in the indictment, was incompetent to testify, and (2) that the evidence was insufficient to support a conviction.
The record reflects that both counsel participated in a voir dire examination of the 6-year-old witness. The prosecutor made inquiry as follows:
"Q ... do you know what it means to tell the truth?
A Yes.
Q Do you know what it means to tell a lie?
A Yes.
Q What happens if you tell a lie?
A Get a licking.
Q Who gives you a licking?
A My dad and in part, my mother.
Q Who, your daddy and your mother?
A Yeah.
Q Are you going to tell us the truth today?
A Yes."
Counsel for the defendant objected "to the witness testifying on the grounds that I do not honestly feel that the state has established that this particular witness is competent to testify," and on the grounds "that the child obviously does not know what the definition or know what a lie is, merely to say she gets spanked for telling a lie doesn't help ..." The judge overruled the objections and stated:
"I think the questions of what is truth and what is a lie are questions that scholars can debate for many hours and the young lady has testified that she knows to tell the truth is to tell something as it happened, and if she lies about something she gets a licking. And she knows, she stated her age, she stated her name, her mother's name, she's described the schools she's gone to, and the Court is of the opinion she is qualified."
A decision upon the competency of a child to testify is one peculiarly within the discretion of the trial judge because the evidence of intelligence, ability to recall, relate and to appreciate the nature and obligations of an oath are not fully portrayed by a bare record. Clinton v. State, 1907, 53 Fla. 98, 43 So. 312; Swain v. State, Fla.App. 1965, 172 So.2d 3; Davis v. State, Fla.App. 1972, 264 So.2d 31. Furthermore, the prime test of testimonial competency of a young child is intelligence rather than age. Bell v. State, Fla. 1957, 93 So.2d 575, 577; Swain v. State, supra; Davis v. State, supra. From the totality of the record, including voir dire examination and the child's answers to the questions of the prosecutor and of defense counsel on direct and cross-examination we find that there was sufficient evidence to warrant the judgment of the trial court that the child was competent to testify.
A judgment of conviction comes to this court with a presumption of correctness. Crum v. State, Fla.App. 1965, 172 So.2d 24. In determining whether there is sufficient evidence to support the conclusion of the trier of fact, an appellate court need only find substantial, competent evidence to support the verdict. Crum v. State, supra, Wetherington v. State, Fla.App. 1972, 263 So.2d 294. Conflicts in evidence, and that it might have been susceptible of differing inferences and presented the trier of fact with questions as to credibility of witnesses and weight to be accorded testimony and other evidence presented, *510 will not establish insufficiency of the evidence to sustain a judgment of conviction when the record discloses there was competent substantial evidence sufficient in law for its support. Wetherington v. State, supra.
Affirmed.