335 So.2d 603 (1976)
Paul Forrest GARRARD, Appellant,
v.
The STATE of Florida, Appellee.
No. 75-1340.
District Court of Appeal of Florida, Third District.
June 2, 1976.
Rehearing Denied August 10, 1976.
Engel & Mishkin and Mitchell Aronson, Miami, for appellant.
Robert L. Shevin, Atty. Gen., and Ira N. Loewy, Asst. Atty. Gen., for appellee.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Paul Forrest Garrard was charged by information with making a lewd, lascivious or indecent assault upon a male minor under the age of 14 years, in violation of § 800.04, Fla. Stat. He was tried by jury, found guilty, convicted and sentenced to 5 years in the state penitentiary with credit for time to be spent in the custody of the Division of Mental Health for treatment and rehabilitation as a mentally disordered sex offender.
Gerrard contends as points on appeal (1) that the alleged victim, an 11-year-old child and the State's sole witness to the act charged in the information, was incompetent to testify, and (2) that the court erred in not suppressing the in-court identification by the alleged victim. A third point raised by the defendant is without merit and will not be discussed.
The record reflects that the young alleged victim in this case was somewhat slow, that he had difficulty in answering some of the questions asked of him and that he had a (Spanish/English) language problem. However, a decision upon the competency of a child to testify is one peculiarly within the discretion of the trial judge because the evidence of intelligence, ability to recall, relate and to appreciate *604 the nature and obligations of an oath are not fully portrayed by a bare record. Clinton v. State, 1907, 53 Fla. 98, 43 So. 312; Swain v. State, Fla.App. 1965, 172 So.2d 3; Davis v. State, Fla.App. 1972, 264 So.2d 31; Fernandez v. State, Fla.App. 1976, 328 So.2d 508. Furthermore, the prime test of testimonial competency of a young child is intelligence rather than age. Bell v. State, Fla. 1957, 93 So.2d 575, 577; Swain v. State, supra; Davis v. State, supra; Fernandez v. State, supra. From the totality of the record, including voir dire examination and the child's answers to the questions of the prosecutor, defense counsel and the court, we find that there was sufficient evidence to warrant the court's judgment that the child was competent to testify. After the child was approved by the trial court to testify, he became more articulate and gave a specific account of the incident in question.
Garrard bases his second point of appeal, that the court erred in not suppressing the in-court identification, on the fact that when the prosecutor showed the alleged victim a single picture of the defendant just prior to trial for identification purposes, this was tantamount to a show-up, and was impermissibly suggestive. The record reflects that the victim first identified Garrard as the person who assaulted him, at a shopping center a few days after the incident, when he pointed Garrard out to his mother. Based on this identification, the mother called the police, which resulted in the arrest of the defendant. Thus, the child had made an independent identification of Garrard as the perpetrator of the crime long before he was shown the photograph by the prosecutor. Where the in-court identification had a source completely independent of the questioned line-up or other identification confrontation, as in this case, a show-up, the admission of the identification testimony was proper. Anderson v. State, Fla.App. 1968, 215 So.2d 618.
Affirmed.