400 So.2d 471 (1981)
Charles B. WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 78-2259/T4-261.
District Court of Appeal of Florida, Fifth District.
March 25, 1981.
Rehearing Denied April 16, 1981.
Richard L. Jorandby, Public Defender, and Cherry Grant, Asst. Public Defender, West Palm Beach, for appellant.
*472 Jim Smith, Atty. Gen., Tallahassee, and Edwin H. Duff, III, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
Appellant raises three points on appeal from his conviction for second degree murder of his wife. He contends that the trial court erred: (1) in permitting the prosecutor to ask a paramedic who responded to appellant's call for assistance if appellant said anything to him while he was there; (2) in permitting a nine year old occupant of the house where appellant and his deceased wife lived to testify that appellant had beaten his wife; and (3) in failing to comply with his request that the jury be instructed on applicable penalties.
As support for his position that the paramedic's testimony as to appellant's silence was reversible error, appellant relies on David v. State, 369 So.2d 943 (Fla. 1979) and Childers v. State, 277 So.2d 594 (Fla. 4th DCA 1973), cert. denied, 285 So.2d 23 (1973). These cases however do not involve the point of law addressed here, because they involved comment by the prosecutor in closing argument on defendant's failure to testify. Appellant also relies on Knight v. State, 374 So.2d 1065 (Fla. 3d DCA 1979), cert. denied, 386 So.2d 542 (1980), but this case is also inapposite because it addressed the propriety of asking a police officer about defendant's silence after arrest. Sub judice, the testimony elicited here involves appellant's pre-arrest silence, and it is now clear that the use of pre-arrest silence to impeach a testifying defendant's credibility does not violate the Constitution. Jenkins v. Anderson, 447 U.S. 231, 100 S.Ct. 2124, 65 L.Ed.2d 86 (1980).
Appellant suggests that the nine year old witness who testified for the State was not competent to testify and that permitting him to do so constitutes reversible error. It has long been the law of this state that if an infant witness has sufficient intelligence to receive just impressions of the facts respecting which he or she is to testify and sufficient capacity to relate them correctly, and has received sufficient instruction to appreciate the nature and obligation of an oath, the infant should be permitted to testify. Cross v. State, 89 Fla. 212, 103 So. 636, 638 (1925). The qualifying questions asked of the young witness by the prosecutor and the court, and the answers thereto, were even more detailed than the dialogue recited in Fernandez v. State, 328 So.2d 508 (Fla. 3d DCA 1976) and we find them sufficient to test the competency of the witness. Although there were inconsistencies in his testimony (a problem not confined to youthful witnesses) his testimony did not give the impression that he had been coerced or that he was confused. The jury and the trial judge had an opportunity to observe his demeanor and to listen to his testimony and it was the province of the jury to find the truth. It is within the sound discretion of the trial judge to decide whether an infant of tender years has sufficient mental capacity and sense of moral obligation to be competent as a witness, and his ruling will not be disturbed unless a manifest abuse of discretion is shown. Rutledge v. State, 374 So.2d 975 (Fla. 1979), cert. denied, Rutledge v. Florida, 446 U.S. 913, 64 L.Ed.2d 267, 100 S.Ct. 1844 (1980). We find no such abuse of discretion here.
The Supreme Court in its opinion in Tascano v. State, 393 So.2d 540 (Fla. 1980) has held that the giving of the penalty instruction by the trial court is mandatory when requested, and not discretionary and that the failure to give the instruction is reversible error.
Although the decision is not given retroactive effect, the benefit thereof is extended to those defendants who preserve the point on appeal. Here, a timely objection was made to the refusal of the trial court to give the instruction on penalties. We are obliged to follow Tascano and reverse this case for a new trial because the trial judge did not give the penalty instruction as requested.
Were we free to do so, we would hold the failure to give the instruction harmless error because the evidence against appellant is strong and clear. However, Tascano *473 leaves us in doubt as to the applicability of the traditional harmless error rule set forth in sections 59.041 and 924.33, Florida Statutes (1979). As we did in Gee v. State, 400 So.2d 466 (Fla. 5th DCA 1981), we therefore certify to the Supreme Court the following question which we deem to be of great public importance:
CAN AN APPELLATE COURT APPLY THE HARMLESS ERROR DOCTRINE, SECTION 924.33 AND SECTION 59.041, FLORIDA STATUTES (1979), TO THE FAILURE OF A TRIAL COURT TO GIVE THE JURY INSTRUCTION REQUIRED BY RULE 3.390(a), FLORIDA RULES OF CRIMINAL PROCEDURE, IF THE APPELLANT'S GUILT IS CLEARLY ESTABLISHED AND THE APPELLATE COURT DETERMINES THE ERROR COULD NOT HAVE AFFECTED THE VERDICT?
REVERSED and REMANDED for new trial.
COBB and FRANK D. UPCHURCH, Jr., JJ., concur.