413 So.2d 1303 (1982)
Eliceo RODRIGUEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 81-767.
District Court of Appeal of Florida, Third District.
May 25, 1982.
*1304 Magazine & Blumenfeld and Eric Cohen, Coconut Grove, Bruce Winick, University of Miami Law School, Coral Gables, for appellant.
Jim Smith, Atty. Gen., and Calianne P. Lantz, Asst. Atty. Gen., for appellee.
Before HENDRY, BASKIN and JORGENSON, JJ.
HENDRY, Judge.
Eliceo Rodriguez appeals his convictions on two counts of first degree murder, armed robbery, burglary of a dwelling, and unlawful possession of a firearm while engaged in a criminal offense. Finding no reversible error, we affirm.
Rodriguez and co-defendant, whose trial was severed, were indicted on murder charges. The two victims, Armando and Louise Mira, returned to their home from an outing and found two men there. The taller of the two men stayed with Louise and the couple's two children, Armando Jr., aged eleven, and a three year old girl, while the shorter man took Armando into another room and shot him. The shorter man then returned and took Louise into the other room and shot her. Three days after the murders, Armando Jr. identified Rodriguez as the shorter man from a photographic array of six pictures, and also identified a photograph of the co-defendant from another picture spread. At trial, the boy was unable to identify Rodriguez as one of the intruders; however, a defense witness acquainted with the defendant testified that Rodriguez had changed his appearance in the interim between June, 1979 when the murders took place, and trial. At the time of the trial, Rodriguez no longer had a mustache and was wearing his hair differently. Motions for judgment of acquittal at the close of the state's case and again at the close of all the evidence were denied.
Challenging his convictions on several grounds, Rodriguez first contends that the trial court abused its discretion in denying his request to admit expert testimony on the reliability of eyewitness identification by a child.
The decision as to whether expert testimony should be allowed into evidence rests within the broad discretion of the trial court and will not be disturbed on appeal absent a clear showing of error. Johnson v. State, 393 So.2d 1069 (Fla. 1980). In Johnson, *1305 supra, this precise issue, expert testimony on the reliability of eyewitness perception and identification, was addressed and our supreme court there held that expert testimony should be excluded where the facts testified to are of such a nature as not to require any special knowledge or experience in order for the jury to form conclusions from the facts. Johnson v. State, supra, at 1072, and cases cited; Nelson v. State, 362 So.2d 1017 (Fla. 3d DCA 1978). In the instant case, the expert would have testified generally as to the ability of individuals to make reliable identifications taking into account such factors as stress, age, and weapon focus. The purpose of such testimony was to demonstrate that given his age and the nature of the situation, Armando Jr. could have misidentified the defendant.
We believe that the factors affecting Armando Jr.'s reliability as an eyewitness were within the ordinary experience of the jurors and did not require the testimony of an expert. The jurors were all aware of his age and could readily determine to what extent this may have affected his perception. Moreover, the record reveals that the trial judge questioned the child, and based on his intelligence and ability to understand, found him competent to testify. See, e.g., Garrard v. State, 335 So.2d 603 (Fla. 3d DCA 1976), cert. denied, 342 So.2d 1101 (Fla. 1977).
Rodriguez also argues that exclusion of the expert testimony precluded effective cross-examination of Armando Jr. with respect to susceptibility to suggestive influences during the identification procedure, since counsel was not present at that time. We disagree. As the defendant recognizes, there is no right to counsel at this non-critical stage in the proceedings, United States v. Ash, 413 U.S. 300, 93 S.Ct. 2568, 37 L.Ed.2d 619 (1973), and the expert's general testimony as to eyewitness fallibility would be ineffective as a means of showing the suggestibility of this particular identification procedure. We therefore conclude that the trial court did not abuse its discretion in excluding the expert testimony.
The defendant's next contention, that the trial court erred in refusing to give the jury a specific instruction concerning identification testimony, is without merit. See State v. Freeman, 380 So.2d 1288 (Fla. 1980); Nelson v. State, supra.
We also reject Rodriguez' contention that the trial court erred in denying his motion for judgment of acquittal. The Florida Supreme Court in Tibbs v. State, 397 So.2d 1120 (Fla. 1981), cert. granted, ___ U.S. ___, 102 S.Ct. 502, 70 L.Ed.2d 378 (1981), recently held that appellate review of criminal convictions should be limited to a determination of whether there is substantial, competent evidence to support the verdict and judgment; evidence previously submitted to a jury or other trier of fact should not be reweighed. Tibbs v. State, supra, at 1123. Viewing the facts in evidence and drawing every conclusion therefrom favorable to the state, Codie v. State, 313 So.2d 754 (Fla. 1975); Everett v. State, 339 So.2d 704 (Fla. 3d DCA 1976), we find the evidence legally sufficient to support the verdict.
Nor do we find any error in admitting into evidence photographs of the victims which the defendant describes as "gruesome." As with most evidence, admission of photographs of the victim falls within the discretion of the trial judge. Booker v. State, 397 So.2d 910 (Fla. 1981). These photographs, depicting small bullet wounds and minute amounts of blood, were both relevant to corroborate medical testimony as to cause of death, location of wounds, etc., and not so inflammatory as to prejudice the jury. Adams v. State, 412 So.2d 850 (Fla. 1982); Welty v. State, 402 So.2d 1159 (Fla. 1981); Zamora v. State, 361 So.2d 776 (Fla. 3d DCA 1978), cert. denied, 372 So.2d 472 (Fla. 1979); Pressley v. State, 261 So.2d 522 (Fla. 3d DCA 1972).
Finally, Rodriguez claims that the trial court erred in allowing his "aliases" to *1372 be admitted into evidence. As read to the jury, the indictment herein merely referred to the defendant as "Eliceo Rodriguez, also known as Eliceo Agosta, also known as Enrique Santiago, also known as Johnny." The term "alias" was not used and the defense itself elicited testimony from its own witness that Rodriguez also went by the name of "Johnny." See Lamb v. State, 354 So.2d 124 (Fla. 3d DCA 1978). Accordingly, any error in the failure to strike the defendant's other identities from the indictment was harmless. See Sec. 924.33, Fla. Stat.
Upon careful review of all the points raised on appeal, the convictions and sentences appealed are affirmed.
Affirmed.