740 F.2d 884
 Eliceo RODRIGUEZ, # 076092, Petitioner-Appellant,
v.
Louie L. WAINWRIGHT, Secretary, Department of Corrections,
State of Florida, and Jim Smith, Attorney General,
State of Florida, Respondents-Appellees.
 No. 83-5817
Non-Argument Calendar.
 United States Court of Appeals,
Eleventh Circuit.
 Aug. 31, 1984.
 
 Marc Barbakoff, Miami, Fla., for petitioner-appellant.
 Calianne P. Lantz, Asst. Atty. Gen., Dept. of Legal Affairs, Miami, Fla., for respondents-appellees.
 Appeal from the United States District Court for the Southern District of Florida.
 Before RONEY, TJOFLAT and ANDERSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Convicted in Florida of first degree murder, armed robbery, burglary and illegal possession of a firearm, Eliceo Rodriguez appeals the denial of habeas corpus relief. Convicted largely on the identification testimony of the 11-year-old son of the two murder victims, petitioner seeks relief because the trial court (1) refused to admit testimony of an expert witness on the subject of memory and perception in regard to eyewitness testimony, (2) denied a requested jury instruction regarding identification testimony and (3) admitted evidence concerning a pretrial out-of-court photographic identification. Petitioner claims the evidence was insufficient for a constitutional conviction.
 
 
 2
 The crime was committed on June 21, 1979. Rodriguez was convicted on September 27, 1980. His conviction was affirmed on May 25, 1982. Rodriguez v. State, 413 So.2d 1303 (Fla.Dist.Ct.App.1982). His state denial of post-conviction relief was affirmed on June 7, 1983. Rodriguez v. State, 432 So.2d 729 (Fla.Dist.Ct.App.1983). On August 2, 1983 Rodriguez filed a federal petition for writ of habeas corpus. After an adverse magistrate's recommendation, the district court denied the petition on November 21, 1983.
 
 
 3
 No constitutional violation is shown by any of the four claims asserted by petitioner. There is no indication that the exclusion of expert testimony concerning the subject of memory and perception in regard to eyewitness testimony denied petitioner the right to the fair trial guaranteed by the Fourteenth Amendment to the United States Constitution. Under state law, the admission of expert testimony is within the discretion of the trial judge. Johnson v. State, 393 So.2d 1069, 1072 (Fla.1980), cert. denied, 454 U.S. 882, 102 S.Ct. 364, 70 L.Ed.2d 191 (1981); see also Nelson v. State, 362 So.2d 1017, 1021 (Fla.Dist.Ct.App.1978). Even a state evidentiary violation does not support habeas corpus relief where there has been no denial of fundamental fairness. Shaw v. Boney, 695 F.2d 528, 530 (11th Cir.1983).
 
 
 4
 Rodriguez requested a jury instruction concerning identification testimony based on the model instruction noted in United States v. Telfaire, 469 F.2d 552, 558-59 (D.C.Cir.1972). The substance of the requested charge was given in another instruction. Where a requested jury instruction is already covered by the charges given, failure to give the requested charge is not error at all, much less constitutional error. See United States v. Johnson, 713 F.2d 633, 653 (11th Cir.1983), cert. denied, --- U.S. ----, 104 S.Ct. 1295, 79 L.Ed.2d 695 (1984); United States v. Ashley, 555 F.2d 462, 465 (5th Cir.), cert. denied, 434 U.S. 869, 98 S.Ct. 210, 54 L.Ed.2d 147 (1977).
 
 
 5
 Petitioner failed to raise the claim concerning the out-of-court photographic identification on direct appeal, and thus may have waived his right to assert the point on state collateral attack and federal habeas corpus. See Ford v. Strickland, 696 F.2d 804, 817 (11th Cir.) (en banc), cert. denied, --- U.S. ----, 104 S.Ct. 201, 78 L.Ed.2d 176 (1983); Ford v. State, 407 So.2d 907, 908 (Fla.1981). In any event, a reliable identification is admissible despite a suggestive photographic display. United States v. Williams, 616 F.2d 759, 761 (5th Cir.), cert. denied, 449 U.S. 857, 101 S.Ct. 156, 66 L.Ed.2d 72 (1980). Tested under the standards enumerated in Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972), and Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977), the facts of this case reveal little likelihood of misidentification and certainly raise no problems of constitutional proportions.
 
 
 6
 The insufficiency of the evidence argument based on Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), focuses largely on the credibility of an 11-year-old identification witness. Problems of credibility in state trials are not constitutional problems in federal courts.
 
 
 7
 AFFIRMED.