SCHOONOVER, Judge.
Appellant, Jerry Fletcher, appeals a judgment and life sentence entered pursuant to a jury verdict finding him guilty of sexual battery of a child eleven years of age or younger. After carefully considering the briefs, the record on appeal, and the argument of counsel, we find no error. Two of the points raised on appeal, however, merit discussion.
As one point on appeal, appellant contends that the child victim was incompetent to testify against him. Because the evidence of intelligence, ability to recall, to relate and to appreciate the nature and obligation of an oath is not fully portrayed by a bare record, the decision concerning the competency of a child to testify is one peculiarly within the discretion of the trial judge. Garrard v. State, 335 So.2d 603 (Fla. 3d DCA 1976), cert. denied, 342 So.2d 1101 (Fla.1977).
Appellant has also raised the issue of ineffective assistance of counsel. Although there is some authority for allowing this type of claim to be raised on appeal, generally this issue is more properly raised in a motion for postconviction relief brought pursuant to Florida Rule of Criminal Procedure 3.850. In this case, we decline to consider appellant’s ineffective assistance of counsel claim because we cannot determine the question from the record before us. Kelley v. State, 486 So.2d 578 *91 (Fla.), cert. denied, — U.S.—, 107 S.Ct. 244, 93 L.Ed.2d 169 (1986).
Affirmed.
CAMPBELL, A.C.J., and HALL, J., concur.