UNITED STATES of America

v.

Barry Dean MICHAEL.

No. 89–0088–CR.

United States District Court, S.D. Florida.

Dec. 27, 1989.

Bruce Maloy, Miami, Fla., for defendant.

Frank H. Tamen, Asst. U.S. Atty., Miami, Fla., for the Government.

## ORDER ON ALL PENDING MOTIONS

SCOTT, District Judge.

This cause is before the Court upon various pretrial motions filed by both the Government and the Defendant Barry Dean Michael. Following a full and fair evidentiary hearing, as well as argument, it is ordered as follows:

■ 1. Defendant's Motion to Dismiss for Misclassification and Misscheduling of Methaqualone is denied. This matter is an exclusively legislative function. *See United States v. Lueck*, 678 F.2d 895 (11th Cir.1982); *United States v. Gordon*, 580 F.2d 827 (5th Cir.1978) (and cases cited therein).

■ 2. Defendant's Motion to Suppress both in court and out of court identification based upon a suggestive photo line-up in violation of the due process clause is denied. Following a full evidentiary hearing and after applying the legal principles established by *Manson v. Brathwaite*, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977); *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972), we perceive no due process violation.

Special Agent Donoway testified that he clearly saw the Defendant from twenty-five to thirty feet; he observed his face; and, in fact, the Defendant turned toward the agent as he closed a gate. Some time later, Agent Donoway immediately identified the Defendant from a photograph and was "positive" concerning the identification. This event was completely fortuitous, according to the agent's testimony. Thereafter, when a formal photo display was presented, Donoway once again instantly identified the Defendant. Finally, Donoway was able to identify Michael during the course of a court proceeding.

To rebut these four separate identifications by Donoway, Michael argues that the photo identification was suggestive, and as a result, all subsequent identifications are tainted. To buttress this contention, Michael offered the testimony of an identification expert Brian Cutler, who opined that the photo display was "biased" because the Defendant's picture is less glossy, has a darker background and contains scratches on the photo. As a result, Cutler concluded that the photo of Michael was more likely to be identified than the other photos.

We reject these factors as rising to a level of a due process violation. Our review of the exhibit reveals a well-balanced photo display. Accordingly, we deny the

motion and find that the identifications are admissible.

■ 3. Defendant moves in limine to exclude the Government's proffered Rule 404(b) evidence. Conversely, the Government seeks to admit it. The Court conducted a full hearing in which the Government made a detailed proffer of its 404(b) evidence, including production of the photographs it hoped to offer. Specifically, the Government seeks to introduce evidence that in 1979, and again in 1982, Michael was involved in prior illegal lab operations in Georgia. The Government points to various similar factors between the prior transactions and the present case. The Government contends that this evidence will establish identity, similar plan and motives, i.e. that Michael is an accomplished and competent chemist who is fully capable of establishing and operating an illegal processing lab. Michael responds with alternative arguments. First, Michael contends that the Government cannot meet the test of *United States v. Beecham*, 582 F.2d 898, 911 (5th Cir.1978) (en banc); *see United States v. Nabors*, 707 F.2d 1294, 1300 (11th Cir.1983). Second, Michael points to the remoteness in time and lack of similarity.

In applying the two-step *Beecham* test, the determination of whether extrinsic evidence should be admitted falls within the sound discretion of the district judge. *United States v. Dothard*, 666 F.2d 498, 501 (11th Cir.1982). Here, based upon our review of the extrinsic evidence, we conclude that the evidence of the 1982 lab operation is admissible to show identity, similar plan and motives. Agent Wayne Smith of the Drug Enforcement Administration, who will testify in this case, was the arresting officer in the 1982 lab operation conducted by Michael. He has first-hand, personal knowledge of the extrinsic evidence. His proffered evidence establishes Michael's participation, including use of similar dummy corporations, a similar rural location, and similar equipment and processing. We therefore conclude that the 1982 evidence is admissible under the appropriate limiting instruction.

On the other hand, applying the same standard, we conclude that the 1979 lab evidence does not meet the *Beecham* test. Accordingly, that incident will be excluded from evidence in the Government's case-in-chief. It may prove admissible, however, for other purposes, including impeachment of the Defendant, if the events take that course. We pass no comment on that issue at this point.

■ 4. Government moves *ore tenus* to exclude the testimony at trial of defense witness Brian Cutler. As previously discussed, Cutler is a psychologist who is versed in the field of identification. At trial, the Defendant seeks to admit Cutler's testimony on the issue of Donoway's identification of Michael on February 23, 1989. The Government opposes it.

During the course of the Motion to Suppress, the Court carefully considered Cutler's proposed testimony. The parties concede that his testimony will be identical before the jury. Thus, the issue presented is whether Cutler's identification testimony is admissible under the Federal Evidence Code.

The Court has carefully considered this issue in light of past precedent from this Circuit, *United States v. Benitez*, 741 F.2d 1312 (11th Cir.1984); *United States v. Thevis*, 665 F.2d 616, at 641 (5th Cir. Unit B 1982), as well as more recent precedent. *United States v. Piccinonna*, 885 F.2d 1529 (11th Cir.1989). Our research reveals that expert testimony concerning identification "is not admissible in this circuit." *United States v. Benitez*, 741 F.2d 1312 (11th Cir.1984) (citing *United States v. Thevis*, 665 F.2d 616 (5th Cir. Unit B 1982)). "To admit such testimony in effect would permit the proponent's witness to comment on the weight and credibility of opponents' witnesses and open the door to a barrage of marginally relevant psychological evidence." *Thevis*, 665 F.2d at 641. Moreover, the testimony is unnecessary because "the problems of perception and memory can be adequately addressed in cross-examination and the jury can adequately weigh these problems through common-sense evaluation." *Id.*

We recognize, however, that some federal circuits will allow expert identification, provided certain threshold requirements can be established. In *United States v. Downing*, 753 F.2d 1224, 1226, 1230 n. 5 (3d Cir.1985), the Court elaborated a balancing test under the auspices of Rule 702, Federal Evidence Code, consisting of a two-step analysis: First, the evidence must survive preliminary scrutiny in the course of an "in limine" proceeding conducted by the district judge. This threshold inquiry, which we derive from the helpfulness standard of Rule 702, is essentially a balancing test, centered on two factors: (1) the reliability of the scientific principles upon which the expert testimony rests, hence the potential of the testimony to aid the jury in reaching an accurate resolution of a disputes issue; and (2) the likelihood that introduction of the testimony may overwhelm or mislead the jury. Second, admission depends upon the "fit," i.e. upon a specific proffer showing that scientific research has established that particular features of the eye-witness identifications involved may have impaired the accuracy of those identifications.

Applying that standard to the proffered evidence, the Court concludes that its admission would serve no helpful purpose in the case. The factors cited by Mr. Cutler for his opinion (the photo is less glossy; has a darker background; scratches, etc.) are all discernible by the jury without the need of expert evidence. *See Worsham v. A.H. Robbins Co.*, 734 F.2d 676 (11th Cir. 1984). These matters are fully capable of being developed upon cross-examination and argument by counsel. To permit expert evidence in this scenario would merely allow the Defendant to bolster the defense position on a purely factual issue. *See also Rodriguez v. Wainwright*, 740 F.2d 884 (11th Cir.1989). In reaching this conclusion, we are aware of the Court's recent decision in *United States v. Piccinonna*, 885 F.2d 1529 (11th Cir.1989). We have carefully considered the principles expressed therein, and nonetheless reach the same conclusion. This decision is a "call" by the district judge employing our inherent discretion, and we have made it. Accordingly, the Defendant will be precluded from calling the identification witness Brian Cutler at trial.

DONE and ORDERED.