669 So.2d 273 (1996)
George FULLER, Appellant,
v.
STATE of Florida, Appellee.
No. 94-02773.
District Court of Appeal of Florida, Second District.
January 25, 1996.
Rehearing Denied February 22, 1996.
Michael E. Sweeting, Sarasota, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Scott A. Browne, Assistant Attorney General, Tampa, for Appellee.
*274 PER CURIAM.
George Fuller appeals four convictions for capital sexual battery. We agree with his contention that the trial court committed reversible error in determining that the child victim was competent to testify. Accordingly, we reverse and remand for a new trial.
During the trial, a voir dire examination of the victim, C.W., was conducted to determine his competency to testify. Before finding a child competent to testify, "the trial court should consider (1) whether the child is capable of observing and recollecting facts, (2) whether the child is capable of narrating those facts to the court or to a jury, and (3) whether the child has a moral sense of the obligation to tell the truth." Griffin v. State, 526 So.2d 752, 753 (Fla. 1st DCA 1988) (citing Lloyd v. State, 524 So.2d 396 (Fla.1988)). See also §§ 90.603(2) and 90.605(2), Fla.Stat. (1991).
In this case, the voir dire examination failed to establish that C.W. had the "moral sense of the obligation to tell the truth." There were no questions asked of C.W. to elicit this information. Although C.W. stated that he understood the importance of telling the truth, his answer was conclusory. C.W. then stated that he has trouble paying attention. C.W. said that when this happens, he begins to "guess," and that might happen during his trial testimony.
Additionally, although C.W. was capable of narrating information to the court, the examination as to his ability to observe and recollect facts was incomplete. Where the state's case is completely dependent on the child's ability to observe and recollect facts, this element of the competency determination has an increased significance. The voir dire examination here elicited even fewer details in support of a determination of competency than the examination that was found inadequate in Wade v. State, 586 So.2d 1200 (Fla. 1st DCA 1991).
Because we are remanding this matter for a new trial, there is an additional issue which requires discussion. Fuller argues that the trial court erred in denying his pretrial motion for an independent physical examination of the child. Fuller contends that the error was exacerbated when the state objected to the examination, and then at trial, questioned the defense expert's credibility because he had not examined the child. The trial court believed that it lacked the authority to order an independent physical examination based on State v. Diamond, 553 So.2d 1185 (Fla. 1st DCA 1988), and summarily denied the motion. Although the defense expert was available to testify at the motion hearing, Fuller failed to proffer his testimony.
We cannot agree with the trial court that Diamond totally bars an independent physical examination of a victim. Although the trial court's power to order a witness to undergo an examination is limited, the trial court has the authority to order an involuntary examination of a prosecution witness where strong and compelling reasons exist. See State v. Kuntsman, 643 So.2d 1172 (Fla. 3d DCA 1994), and cases cited therein. There may be instances in which an examination is necessary to protect a defendant's rights and the examination can be conducted without unusual harm to a victim. Here, however, Fuller waived any claim of error by failing to proffer the compelling reason for the examination.
In conclusion, based upon the trial court's failure to properly qualify the child witness in this case, we must reverse and remand this matter for a new trial.
Reversed and remanded.
PATTERSON and BLUE, JJ., concur.
SCHOONOVER, A.C.J., dissents with opinion.
SCHOONOVER, Acting Chief Judge, dissenting.
Because it is within the trial court's broad discretion to determine the competency of an infant witness, and I cannot agree that the court abused its discretion in this case, I must respectfully dissent from the majority's finding that the trial court erred.
This is not a case where the witness was not asked questions which would determine his ability to recollect facts and to determine whether he had a moral sense of an obligation *275 to tell the truth. See Wade v. State, 586 So.2d 1200 (Fla. 1st DCA 1991). Counsel for the state and the defendant, as well as the court, asked the witness sufficient questions to determine that at the time he was being offered as a witness he was capable of observing and recollecting facts, able to narrate those facts, and had a moral sense of the obligation to tell the truth. Griffin v. State, 526 So.2d 752 (Fla. 1st DCA 1988).
During the competency determination hearing, the assistant state attorney asked the witness most of the usual questions discussed in Griffin, e.g. name, age, where he went to school, what grade he was in, whether he knew the difference between the truth and a lie, the importance of telling the truth, and if he was going to tell the truth during the trial.
The appellant's attorney then questioned the witness concerning the effect of lying and also discussed the possibility that the witness might guess at the answer to a question if he did not know or remember something. The witness responded that if he told a bad enough lie he could be put in jail and if it was not that bad he would get into less trouble. The witness responded that he would not lie and would not guess but would tell the truth. He did, however, state that he might guess if he lost his attention and that could happen. He also demonstrated that he knew what a guess was and stated he would not guess in the trial.
The trial judge then questioned the witness and he again stated he knew the difference between the truth and a lie and that telling the truth was good and telling a lie was bad. He also said he would tell the truth. The judge then questioned him further concerning his intelligence and tested his recollection of facts concerning his everyday life at the time of the crime which was approximately two years earlier.
The appellant's attorney then asked further questions concerning his obligation to tell the truth. The witness stated he felt it was better to tell the truth and if he ever lied at first, he would wind up telling the truth.
The court then found that the state had met its burden of showing that the witness was competent pursuant to Griffin and held that the child was competent to observe and recall facts, of narrating those facts, and had a moral sense of the obligation to tell the truth.
Based upon the record I would hold that the trial court did not abuse its discretion in finding that the child was competent to testify and would, accordingly, affirm. Although there were inconsistencies in his testimony concerning guessing, a problem not confined to youthful witnesses, his testimony did not leave the impression that he had been coerced or that he was confused. See Williams v. State, 400 So.2d 471 (Fla. 5th DCA), aff'd, 406 So.2d 1115 (Fla.1981). See also Lloyd v. State, 524 So.2d 396 (Fla.1988); Griffin.
Additionally, it must be remembered that evidence of intelligence, ability to recall, relate and to appreciate the nature and obligation of an oath are not fully portrayed by a bare record and, therefore, a decision upon the competency of a child to testify is one that must be peculiarly within the discretion of the trial judge. Fernandez v. State, 328 So.2d 508 (Fla. 3d DCA), cert. denied, 341 So.2d 1081 (Fla.1976); Davis v. State, 264 So.2d 31 (Fla. 3d DCA 1972); Swain v. State, 172 So.2d 3 (Fla. 3d DCA 1965).
In upholding a trial court's decision concerning the competency of a seven year old witness in Ferrer v. State, 117 So.2d 529 (Fla. 3d DCA 1960), the court said: "The able and long experienced trial judge who presided in this case had the opportunity to ascertain the competency of the child in question, not only from the answers elicited from her but by her appearance and manner on the stand." The able and long experienced trial judge who presided at the trial of this case had the same opportunity and his decision should be affirmed.