PER CURIAM.
Following a jury trial which resulted in a verdict finding him guilty of sexual battery upon a victim less than twelve years of age, the trial court entered an order concluding that appellant had committed a delinquent act. Adjudication of delinquency was withheld, and appellant was placed in the custody of the Department of Juvenile Justice. Appellant argues that the trial court abused its discretion when it found that the alleged child victim was competent to testify, because the competency examination was inadequate. We agree. See, e.g., Fuller v. State, 669 So.2d 273 (Fla. 2d DCA), review denied, 675 So. 2d 929 (Fla.1996) (response to questions concerning understanding of importance of telling truth must reflect moral sense of obligation to tell truth, rather than be merely conclusory); Wade v. State, 586 So.2d 1200 (Fla. 1st DCA 1991) (competency examination must demonstrate child witness is capable of recollecting past events as well as those recently observed); Griffin v. State, 526 So.2d 752 (Fla. 1st DCA 1988) (when ease is totally dependent on child’s ability to recall and recount events accurately, determination that witness is capable of separating fact from fantasy is especially important). On the record before us, we are unable to conclude that this error was harmless. Ac-eordingly, we reverse and remand for a new trial. In light of this disposition, we find it unnecessary to address appellant’s remaining issue.
REVERSED and REMANDED, with directions.
WEBSTER, MICKLE and LAWRENCE, JJ., concur.