PARKER, Judge.
Christopher Evans appeals the trial court’s order denying his motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Because the attachments to the trial court’s order do not conclusively refute Evans’ claims, we reverse and remand for further proceedings.
In his motion, Evans alleged that the day before trial Judge Robert J. Simms held a hearing on the admissibility of the six-year-old child victim’s out-of-court hearsay statements pursuant to section 90.803(23)(a)(l), Florida Statutes (1999), and that Judge Simms found the hearsay statements admissible.[1] Evans further alleged that when his trial began the next day before Judge J. Rogers Padgett, his trial counsel did not challenge the child victim’s competency to testify in person. Evans contends that, regardless of the ruling on the admissibility of the child victim’s hearsay statements, his trial counsel should have raised the issue of the child victim’s competency to testify at trial. Evans also contends that his trial counsel should have objected when the trial court did not make findings on the record that the child victim understood the duty to tell the truth. Evans argues that his trial counsel’s failure to raise these issues with the court on the record constituted ineffective assistance of counsel. The trial court denied Evans’ motion, finding that there was nothing in the record to indicate that the six-year-old’s competency was at issue. Evans appeals that ruling.
An incompetent witness must be disqualified from testifying. § 90.603(2), Fla. Stat. (1999); Palazzolo v. State, 754 So.2d 731, 738 (Fla. 2d DCA 2000). When the defense challenges the competency of a child witness to testify, the trial court must make specific factual findings relating to the child’s competency. Palazzolo, 754 So.2d at 738; Kertell v. State, 649 So.2d 892, 893 (Fla. 2d DCA 1995). See also Fuller v. State, 669 So.2d 273, 274 (Fla. 2d DCA 1996) (“Before finding a child competent to testify, the trial court should consider (1) whether the child is capable of observing and recollecting facts, (2) whether the child is capable of narrating those facts to the court or to a jury, and (3) *196 whether the child has a moral sense of the obligation to tell the truth”). In addition, while the trial court has the discretion to allow a child witness to testify without taking an oath, it may do so only if “the court determines the child understands the duty to tell the truth or the duty not to lie.” § 90.605(2).
Because a challenge to the child victim’s competence could have resulted in the victim’s disqualification as a witness, Evans has stated a prima facie case of ineffective assistance of counsel. However, the attachments to the trial court’s order do not show that Evans’ trial counsel challenged the competency of the child victim, who was the only witness to the crime. Moreover, while the attachments show that the child victim was not placed under oath prior to testifying, they do not show that the trial court made the required findings concerning the child victim’s understanding of the duty to tell the truth, nor do they show that Evans’ counsel objected to the trial court’s failure to do so. The transcript does show that Evans’ trial counsel asked to approach the bench after the prosecutor questioned the child victim concerning the difference between telling the truth and a he. However, Evans’ counsel made no objections on the record and it appears from the transcript that Evans’ counsel did not approach the bench. Thus, the attachments do not conclusively refute Evans’ claims.
We therefore reverse and remand for further proceedings. On remand, the trial court must either attach those portions of the record conclusively refuting Evans’ claims or conduct an evidentiary hearing on these issues.
Reversed and remanded for further proceedings.
WHATLEY and CASANUEVA, JJ., Concur.

. The following colloquy took place after the attorneys completed their opening statements:
[JUDGE PADGETT]: Okay. Did Judge Simms do this?
[PROSECUTOR]: Yes.
[JUDGE PADGETT]: He had a hearing and made some findings?
[DEFENSE ATTORNEY]: Right, he did.
[PROSECUTOR]: Yes.
[DEFENSE ATTORNEY]: He made findings.
[JUDGE PADGETT]: Okay. A bunch of them?
[DEFENSE ATTORNEY]: Yes, he made findings on the record, Judge.
[JUDGE PADGETT]: Okay.