[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15701
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 4, 2010
JOHN LEY
CLERK

D. C. Docket No. 06-00467-CV-J-32-MCR

JAMES R. WALKER,

Petitioner-Appellant,

versus

LUCY HADI, Secretary,
Florida Department of
Children and Families,

Respondent,

GEORGE H. SHELDON,
Secretary, Florida Department
of Children and Families,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 4, 2010)

Before TJOFLAT, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

James Walker appeals the district court's denial of his petition for habeas relief, brought pursuant to 28 U.S.C. § 2254. Because the state court's evidentiary rulings were not contrary to or an unreasonable application of federal law, the district court properly denied relief and we affirm.

In 2000, the state of Florida filed a petition in state court to classify Walker a sexually violent predator under state law and have him committed to state custody. *See* Fla. Stat. § 394.910. Over Walker's objections, the trial court admitted witness testimony that constituted hearsay evidence,[1] which Walker argued violated his right to cross examine and confront his accusers under the Fourteenth Amendment and *Crawford v. Washington*, 541 U.S. 36 (2004).[2] The jury found Walker to be a sexually violent predator, and the court committed Walker to the custody of the Department of Children and Family Service.

The state court of appeals affirmed the state court's civil commitment order.

---

[1] The evidence Walker sought to exclude included the testimony of mental health professions and police officers who based their testimony on various written reports and allegations of criminal conduct for which Walker had not been convicted. Although Walker was permitted to cross-examine these mental health professionals and police officers, he was not able to cross-examine the people who created the reports that formed the basis of the witnesses' testimony.

[2] Walker acknowledges that *Crawford* applies only to criminal proceedings but urges that the rationale should apply to civil commitment cases as well.

Walker's subsequent petition for *cert.* was denied by the U.S. Supreme Court. Walker then filed the instant § 2254 petition, arguing that he was denied his Fourteenth Amendment right to cross-examine and confront the witnesses against him at his civil commitment proceeding.

The district court denied the petition, finding that *Crawford* did not apply to civil proceedings, and no other clearly established federal law required cross-examination at civil proceedings. The district court, therefore, deferred to the state court decision. At Walker's request, the district court granted a certificate of appealability on the following issue: "Whether this Court erred in deferring to the state court's adjudication of Petitioner's claim concerning whether the admission of hearsay evidence at his civil commitment proceedings violated his right to confrontation."

We review *de novo* a district court's decision about whether the state court's decision was either contrary to, or an unreasonable application of, clearly established Federal law. *Williams v. Allen*, 598 F.3d 778, 788 (11th Cir. 2010). Section 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), provides, in part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings

3

unless the adjudication of the claim--

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]

28 U.S.C. § 2254(d). The phrase "clearly established Federal law" refers to "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003).

"The 'contrary to' and 'unreasonable application' clauses of § 2254(d)(1) are separate bases for reviewing a state court's decisions." *Putman v. Head*, 268 F.3d 1223, 1241 (11th Cir. 2001). A state court's decision is "contrary to" clearly established federal law if (1) the court applied a rule that contradicts the governing law set forth by U.S. Supreme Court case law, or (2) the court confronts facts that are "materially indistinguishable" from relevant U.S. Supreme Court precedent, but arrives at an opposite result. *Id.* An "unreasonable application" of clearly established federal law occurs when the state court correctly identifies a legal rule from U.S. Supreme Court precedent but unreasonably applies that rule to the facts of the case. *Id.* State courts are not obligated to widen or enlarge legal rules set forth by the U.S. Supreme Court to contexts in which it has never decided. *Hawkins v. Alabama*, 318 F.3d 1302, 1307 n.3 (11th Cir. 2003); *see also Carey v.*

4

*Musladin*, 549 U.S. 70, 77 (2006) (holding that, when the U.S. Supreme Court has not decided an issue, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law'").

On appeal, Walker argues that the Fourteenth Amendment's right to confrontation in civil commitment proceedings is "clearly established." He also contends that this right "should" match that guaranteed by the Sixth Amendment's confrontation clause and the principles set forth in *Crawford*. After review, we conclude that, even though Walker's right to confrontation may be clearly established, his right against the admission of testimonial hearsay in the civil commitment context is not.

Florida law establishes a civil commitment procedure for the long-term care and treatment of sexually violent predators. Fla. Stat. § 394.910; *State v. Harris*, 881 So.2d 1079, 1083 (Fla. 2004). Individuals in civil commitment proceedings are entitled to certain due process protections guaranteed by the Fourteenth Amendment, including the rights to confront and cross-examination.[3] *See Specht v. Patterson*, 386 U.S. 605, 610 (1967). In *Crawford*, the Supreme Court held that a testimonial statement will only be admissible if the declarant is unavailable and

---

[3] We note that Walker was able to cross-examine witnesses at his commitment hearing, but he was not able to cross-examine those people who created the reports about which the witnesses testified.

5

the defendant had a prior opportunity to cross-examine. 541 U.S. at 59. But *Crawford* only applies in the context of Sixth Amendment criminal trial rights and has not been extended to other contexts. *United States v. Cantellano*, 430 F.3d 1142, 1146 (11th Cir. 2005).

In the context of a habeas case, it is not our role to determine whether the Fourteenth Amendment's due process clause should match that guaranteed by the Sixth Amendment and *Crawford*; we are limited to determining whether the U.S. Supreme Court has "clearly established" that such a right exists. 28 U.S.C. § 2254(d)(1). Walker has not cited a single U.S. Supreme Court case requiring the Florida court to exclude testimonial hearsay evidence in a civil commitment hearing. *Carey*, 549 U.S. at 77. Moreover, the state court was under no obligation to widen the scope of *Crawford* to a context not yet decided by the U.S. Supreme Court. *Hawkins*, 318 F.3d at 1307 n.3. Accordingly, the state court's decision, to the extent that it admitted testimonial hearsay at Walker's civil commitment proceeding, was not contrary to, nor an unreasonable application of, clearly established Federal law. 28 U.S.C. § 2254(d)(1). The district court correctly denied Walker's petition.

**AFFIRMED.**