[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-13411
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cv-21871-PCH


LEONARD WAYNE TAYLOR,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL OF FLORIDA,

Respondents-Appellees.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 11, 2013)

Before TJOFLAT, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Leonard Wayne Taylor, a Florida prisoner proceeding *pro se*, appeals the denial of his 28 U.S.C. § 2254 petition for writ of habeas corpus based on the finding that many of his claims were procedurally defaulted. We granted Taylor's motion for a certificate of appealability ("COA") as to the following two issues:

(1)    Whether the district court's finding that Claims 5 and 21 were procedurally defaulted was correct, in light of the fact that the state court reviewed these claims on direct appeal?

(2)    Whether the state post-conviction court's procedural ruling as to Claims 1, 2, 9, 13, 14, 15, 16, 17, and 18 of Taylor's 28 U.S.C. § 2254 petition rested on independent and adequate state grounds, and, accordingly, whether the district court's finding that these claims were procedurally defaulted on federal review was correct?

On appeal, Taylor first argues that the district court erroneously determined that Claims 5 and 21 were procedurally defaulted because he raised those claims in his brief on direct appeal in state court. Taylor next argues that Claims 1, 2, 9, 13, 14, 15, 16, 17, and 18 were not procedurally barred because he raised those claims in his state petition for writ of habeas corpus, in which he raised a claim of ineffective assistance of counsel. Finally, Taylor argues the merits of his claims.

"When examining a district court's denial of a § 2254 petition, we review the district court's factual findings for clear error and its legal determinations *de novo*." *Owen v. Sec'y for Dep't of Corr.*, 568 F.3d 894, 907 (11th Cir. 2009).

2

Whether a claim is subject to the doctrine of procedural default is a mixed question of fact and law that we review *de novo*.  *Greene v. Upton*, 644 F.3d 1145, 1154 (11th Cir. 2011), *cert. denied*, 132 S. Ct. 1767 (2012).

A state prisoner must have "exhausted the remedies available in the courts of the State" unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect [his] rights." 28 U.S.C. § 2254(b)(1).  "It is well established that federal courts will not review questions of federal law presented in a habeas petition when the state court's decision rests upon a state-law ground that is independent of the federal question and adequate to support the judgment."  *Cone v. Bell*, 556 U.S. 449, 465, 129 S. Ct. 1769, 1780, 173 L. Ed. 2d 701 (2009) (quotation omitted).  The Supreme Court has held that "when a petitioner fails to raise his federal claims in compliance with relevant state procedural rules, the state court's refusal to adjudicate the claim ordinarily qualifies as an independent and adequate state ground for denying federal review."  *Id.*  "The adequacy of the procedural bar is not a matter of state law, but is itself a federal question."  *Doorbal v. Dep't of Corr.*, 572 F.3d 1222, 1227 (11th Cir. 2009) (quotation omitted).

We apply the following three-part test to determine whether a state court decision rested upon an "independent and adequate" ground under state law:

3

First, the last state court rendering a judgment in the case must clearly and expressly state that it is relying on state procedural rules to resolve the federal claim without reaching the merits of that claim. Secondly, the state court's decision must rest solidly on state law grounds, and may not be "intertwined with an interpretation of federal law." Finally, the state procedural rule must be adequate; i.e., it must not be applied in an arbitrary or unprecedented fashion or be manifestly unfair.

*Id.* (citations and alteration omitted).

We may affirm the district court's ruling on any ground supported by the record. *See Peoples v. Campbell*, 377 F.3d 1208, 1235-36 (11th Cir. 2004) (determining that the district court erred in determining that an ineffective assistance of counsel claim was procedurally defaulted, but opting to decide the claim instead of remanding it to the district court for an evidentiary hearing).

## I.    Claims 5 and 21

Our review of the denial of a § 2254 petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Windom v. Sec'y, Dep't of Corr.*, 578 F.3d 1227, 1247 (11th Cir. 2009). Under the AEDPA's "highly deferential standard for reviewing state court judgments," we may not grant habeas relief on claims previously adjudicated on the merits by a state court unless the state court adjudication resulted in a decision that was "(1) contrary to, or involved an unreasonable application of, clearly established Federal law, as

4

determined by the Supreme Court of the United States; or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id*. (quotation omitted); *see also* 28 U.S.C. § 2254(d). "The phrase 'clearly established Federal law' refers to the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Walker v. Hadi*, 611 F.3d 720, 723 (11th Cir. 2010) (quotation omitted).

The district court concluded that Claims 5 and 21 were procedurally defaulted. This finding was error because the state appellate court addressed Claims 5 and 21 on the merits of the direct appeal. *See Parker v. Sec'y for Dept. of Corr.*, 331 F.3d 764, 771 (11th Cir. 2003) ("This Court has further clarified that a federal claim is not barred on federal habeas review if the state courts actually reject a claim on the merits."). However, we may affirm the district court's ruling for any grounds supported by the record, *see Peoples*, 377 F.3d at 1235-36, and we proceed below to evaluate the merits of these claims. Because we conclude that Claims 5 and 21 fail on the merits, we affirm the district court's denial of Taylor's § 2254 petition with respect to these two claims.

**A.    Claim 5**

In Taylor's § 2254 petition, he argued that the trial court erred in rejecting his proposed jury instruction on lost or abandoned property. He argues that, because his defense was that he found the stolen property on the side of the road after it had already been stolen, the jury should have been instructed on the Florida Statute's definition of "lost property" and "abandoned property."

The inquiry by a habeas court in a due process challenge to jury instructions "is not whether the challenged instructions were undesirable, erroneous, or even universally condemned," but rather, "whether the instructions so infected the entire trial that the resulting conviction violates due process." *Jamerson v. Sec'y for Dep't of Corr.*, 410 F.3d 682, 690 (11th Cir. 2005) (quotations omitted). "Where a requested jury instruction is already covered by the charges given, failure to give the requested charge is not error at all, much less constitutional error." *Rodriguez v. Wainwright*, 740 F.2d 884, 885 (11th Cir. 1984).

The district court did not err in not permitting Taylor's proposed jury instruction. With respect to Taylor's theft charge, the jury was specifically instructed that it must find beyond a reasonable doubt that Taylor "knowingly, unlawfully" obtained the property and that he did so with the "intent to either temporarily or permanently deprive" the owner of her right to the property or to appropriate it for his or another's use. Accordingly, if the jury believed Taylor's

6

testimony at trial that he found this property on the ground after it had been stolen and that he believed that he was able to keep the property for himself, the jury was able to find that he was not guilty of theft because he did not "knowingly, unlawfully" obtain the property with the intent to deprive. *See id.* The state court's ruling on Claim 5 was not a decision that was contrary to, or involved an unreasonable application of, clearly established federal law. *See Windom*, 578 F.3d at 147.

## B.    Claim 21

Taylor also argued in his § 2254 petition that the trial court erred in overruling his objection to the prosecutor's use of a peremptory challenge to strike an African American juror.

In *Batson v. Kentucky*, the Supreme Court held that a prosecutor's use of peremptory strikes to preclude persons from serving on juries on account of their race violates the Equal Protection Clause of the Fourteenth Amendment. 476 U.S. 79, 89, 106 S. Ct. 1712, 1719, 90 L. Ed. 2d 69 (1986). The Court has established a three-step analysis in evaluating a *Batson* claim. *Id.* at 96-98, 106 S. Ct. at 1722-24.

> First, the defendant must make out a prima facie case by showing that the totality of the relevant facts gives rise to an inference of discriminatory purpose. Second, once the defendant has made out a

7

prima facie case, the burden shifts to the State to explain adequately the racial exclusion by offering permissible race-neutral justifications for the strikes. Third, if a race-neutral explanation is tendered, the trial court must then decide . . . whether the opponent of the strike has proved purposeful racial discrimination.

*Johnson v. California*, 545 U.S. 162, 168, 125 S. Ct. 2410, 2416, 162 L. Ed. 2d 129 (2005) (internal quotation marks, citations, and footnotes omitted).

At the second step, the court evaluates only the "facial validity of the prosecutor's explanation," and unless a discriminatory intent is "inherent in the prosecutor's explanation, the reason offered will be deemed race neutral." *Purkett v. Elem*, 514 U.S. 765, 768, 115 S. Ct. 1769, 1771, 131 L. Ed. 2d 834 (1995) (quotation omitted). The third step "involves evaluating 'the persuasiveness of the justification' proffered by the prosecutor, but 'the ultimate burden of persuasion regarding racial motivation rests with, and never shifts from, the opponent of the strike.'" *Rice v. Collins*, 546 U.S. 333, 338, 126 S. Ct. 969, 974, 163 L. Ed. 2d 824 (2006) (citation omitted). "[A] federal habeas court can only grant [a habeas] petition if it was unreasonable to credit the prosecutor's race-neutral explanations for the *Batson* challenge." *Id.*

Here, during *voir dire*, the State used a peremptory challenge to strike an African American juror because the juror's brother was a police officer. Despite Taylor's objection that it was not a fair concern for the State that a juror knew

someone in law enforcement, the trial court struck the juror. The trial court's determination that the State's proffered reason was genuinely race neutral was not unreasonable as an individual's understanding of the criminal justice system could be a reason that a prosecutor would not want that individual on the jury. *See id.* at 341-42, 126 S. Ct. at 976 ("Reasonable minds reviewing the record might disagree about the prosecutor's credibility, but on habeas review that does not suffice to supercede the trial court's credibility determination."). The state court's ruling on Claim 21 was not a decision that was contrary to, or involved an unreasonable application of, clearly established federal law. *See Windom*, 578 F.3d at 147.

Accordingly, we affirm the district court's denial of Taylor's § 2254 petition as to Claims 5 and 21.

## II.    Claims 1, 2, 9, 13, 14, 15, 16, 17, and 18

As an initial matter, we have "already concluded that the procedural requirements of Florida's Rule 3.850 constitute independent and adequate state grounds under the applicable law." *LeCroy v. Sec'y, Fla. Dep't of Corr.*, 421 F.3d 1237, 1260 n.25 (11th Cir. 2005) (citing *Whiddon v. Dugger*, 894 F.2d 1266, 1267-68 (11th Cir. 1990)). In *LeCroy*, we held that because the petitioner did not raise his claim on direct appeal in the state court, "the State 3.850 Court's refusal to consider" the petitioner's claim "as procedurally barred rested on an

9

independent and adequate state ground that precludes federal habeas consideration of this issue." *Id.* at 1260.

Because Taylor did not raise Claims 1, 2, 9, 13, 14, 15, 16, 17, and 18 on direct appeal to the state court, the district court's determination that those claims were procedurally defaulted rested on an independent and adequate state ground. Taylor further argues that these claims were not procedurally defaulted because, in his state habeas petition, he argued that his counsel had been ineffective for failing to include these claims in Taylor's brief on direct appeal. However, this argument is without merit because, for purposes of exhaustion of state remedies, a substantive claim is "separate and distinct" from an ineffective assistance of counsel claim based on the substantive claim. *See id.* at 1260 n.24; *see also Pietri v. Fla. Dep't of Corr.*, 641 F.3d 1276, 1289 (11th Cir. 2011), *cert. denied*, 132 S. Ct. 1551 (2012).

Based on our review of the record and consideration of the parties' briefs, we affirm.[1]

**AFFIRMED.**

---

[1]    Taylor's Motion for Leave to File Reply Brief Out of Time is GRANTED.